WILLIAM BEVELANDER, Respondent, *v.* TOWN OF ISLIP et al., Appellants.

Second Department, March 28, 1960.

· *James V. Fallon* for Shellfish, Inc., appellant.

*George F. X. McInerney* for Town of Islip, appellant.

No appearance for respondent.

CHRIST, J.   This is a taxpayer's action brought pursuant to section 51 of the General Municipal Law.   The question presented is whether the action is barred by the six-year Statute of Limitations contained in subdivision 2 of section 48 of the Civil Practice Act.   The Special Term held that the action is not so barred, and we agree with that holding.

The complaint alleges that plaintiff is a taxpayer who owns real property in the Town of Islip, Suffolk County, and that the defendant town made a lease to the defendant Shellfish, Inc., of approximately 338 acres of underwater land in Great South Bay.   It further alleges that the making of this lease was an illegal official act on the part of the town and that the continuance of the lease will tend to waste and injure the property, funds and estate of the town.

The lease is alleged to be illegal because no referendum was held as required by subdivision 2 of section 64 of the Town Law and for the further reason that no public hearing was held as required by subdivision 12 of section 198 of said law.

The relief prayed for is that the lease be annulled and that defendants be restrained from continuing the existence of the lease and all operations flowing from it.

So far as applicable, subdivision 2 of section 48 of the Civil Practice Act provides that an " action to recover upon a liability created by statute, except a penalty or forfeiture ", must be commenced within six years after the cause of action has accrued.   The instant action was not brought within the six-year period.

Section 51 of the General Municipal Law provides that all officers of any town may be prosecuted and an action may be maintained against them to prevent any illegal official act on the part of any of such officers, or to prevent waste or injury to, or to restore and make good any property, funds or estate of such town.

The term " a liability created by statute ", as employed in this Statute of Limitations, has been defined as " a liability which would not exist but for the statute " (*Shepard Co.* v.

*Taylor Pub. Co.*, 234 N. Y. 465, 468; see, also, *Schmidt v. Merchants Desp. Transp. Co.*, 270 N. Y. 287, 305; 53 C. J. S., Limitations of Actions, § 83, subd. a, p. 1051 *et seq.*; 34 Am. Jur., Limitation of Actions, § 48, p. 48). A proper test of whether a particular liability is one that was created by statute is to determine whether the liability is "a governmental statutory denouncement of a human action heretofore undenounced" (*Fratt v. Robinson*, 203 F. 2d 627, 635).

Although plaintiff's right to bring the action would not exist except for section 51 of the General Municipal Law, the illegality does exist by virtue of the provisions of the Town Law. Section 51 makes no original denouncement. It merely provides a right of action as to the official conduct elsewhere denounced as illegal. That the basis of illegality was created elsewhere is again indicated by the further provision of section 51 that "This section shall not be so construed as to take away any right of action from any" municipality or public officer, "but any right of action now existing, or which may hereafter exist in favor of any" municipality or "officer thereof, may be enforced by action or otherwise by the persons hereinbefore authorized to prosecute and maintain actions" and "any recovery under the provisions of this article shall be for the benefit of and shall be paid to the" appropriate officer of the subject municipality and "be credited the defendant in determining his liability in the action by the" municipality or its public officer.

There is an analogy applicable which we find in the right of a stockholder of a private corporation to bring a derivative action against directors or officers of the corporation for wrongdoing. The taxpayer's action is also derivative (see 18 McQuillin, Municipal Corporations, § 52.01 *et seq.*, particularly § 52.06). The similarity of the two actions extends to the fact that the right of a stockholder to bring his derivative action was also given by statute (General Corporation Law, § 60). The stockholder's action is based upon the right of the corporation itself; the cause "'remains the same, whether the suit to enforce it be brought by the corporation or by a shareholder'", and the same Statute of Limitations which would govern the action, if brought by the corporation, applies to the action if brought by the stockholder (*Potter v. Walker*, 276 N. Y. 15, 27; see, also, 39 Col. L. Rev. 842, 847).

The order insofar as appealed from should be affirmed, without costs.

NOLAN, P. J., BELDOCK, PETTE and BRENNAN, JJ., concur.

Order insofar as appealed from affirmed, without costs.