**Seymour WARSHOW, Plaintiff,**

v.

**H. HENTZ & CO., Defendant.**

United States District Court
S. D. New York.
Nov. 28, 1961.

Baer, Marks, Friedman & Berliner, New York City, for defendant; (William E. Friedman and Stephen F. Selig, New York City, of counsel).

Selig J. Levitan, New York City, for plaintiff.

Peter A. Dammann, Gen. · Counsel, Chicago, Securities and Exchange Commission, Washington, D. C., for Securities and Exchange Commission, amicus curiae; (David Ferber, Assoc. Gen. Counsel, Washington, D. C., of counsel).

MacMAHON, District Judge.

Defendant moves to dismiss the complaint, pursuant to Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that it fails to state a claim arising under the laws of the United States. 28 U.S.C.A. § 1331(a). Concededly, there is no diversity of citizenship, but plaintiff asserts that he sues under the Securities Exchange Act of 1934, 15 U.S.C.A. § 78a et seq. The Securities and Exchange Commission, as *amicus curiae*, supports plaintiff's position.

The complaint alleges the following transactions:

Plaintiff purchased registered stock worth $40,000 through defendant, a registered broker, on defendant's offer to procure a loan of $25,000 to finance the purchase. In order to obtain the loan, defendant pledged the $40,000 in securities although defendant knew that this violated the margin requirements of the Securities Exchange Act of 1934 which provide that a broker shall not arrange credit for a customer by using the shares

to be purchased as collateral for more than thirty per cent of the purchase price. See 12 C.F.R. §§ 220.2(b), 220.3(b) and 220.8(a). The money lender, First Discount Corporation, is now in receivership, but the pledged shares belonging to plaintiff are not among its assets resulting in a loss to plaintiff of the $15,000 paid for them. Plaintiff seeks recovery of this sum either through rescission of the illegal contract or as damages proximately caused by defendant's illegal act.

Section 29(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78cc (b), provides that every contract which violates any provision of the Act or regulations thereunder is void and unenforceable by the party violating the Act, and the other party is entitled to rescission. Plaintiff's rescission claim, therefore, is specifically authorized by the Act. Further, the complaint supports a claim for damages sustained as the proximate consequence of defendant's act made illegal by Section 7(c) of the Act, 15 U.S.C.A. § 78g(c). See Smith v. Bear, 237 F.2d 79, 87, 60 A.L.R.2d 1119 (2 Cir., 1956) and Remar v. Clayton Securities Corporation, 81 F.Supp. 1014, 1017 (D.Mass. 1949).

Plaintiff alleges that his losses were caused by the insolvency of the money lender, and that if the margin requirements had been observed, the loan would have been made by a lending institution more reputable than First Discount Corporation which flouted the requirements of the Securities Exchange Act of 1934 when it made the loan and which subsequently converted the pledged shares.

We need not determine at this point whether the losses were in fact proximately caused by defendant's actions for it is enough that the complaint so alleges. Remar v. Clayton Securities Corporation, supra, at 1017. The complaint thus states at least two separate federal claims which give this court jurisdiction.

Accordingly, defendant's motion to dismiss the complaint for lack of jurisdiction is denied. So ordered.