■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN DUGGAN, Respondent.— REYNOLDS, J. Appeal from an order and judgment entered thereon of the Supreme Court, Albany County, denying appellant's motion for summary judgment and granting respondent's motion for summary judgment dismissing the complaint on the merits on the ground that the action was barred by the Statute of Limitations (CPLR 214, subd. 2). In the instant action the State seeks to recover a total of $1,255 in unemployment insurance benefits held by the Industrial Commissioner to have been received by respondent by willful misrepresentation while he was ineligible in that he was not totally unemployed. Special Term in granting respondent's motion held that the cause of action was to recover on a " liability and/or penalty of refund " created by section 594 of the Labor Law and was therefore controlled by the three-year Statute of Limitations under CPLR 214. The State urges that the action is, in fact, one for money had and received and therefore governed by the six-year limitation of CPLR 213. It is well settled that the phrase " liability created or imposed by statute " as utilized in section 214 applies only to liability which would not exist but for a statute (*Shepard Co.* v. *Taylor Pub. Co.*, 234 N. Y. 465, 468; *Bevelander* v. *Town of Islip,* 10 A D 2d 170, 171–172). The resolution of the instant case thus depends on whether section 594 provides the sole and exclusive basis for the State's recovery of the payments in question. The State asserts that the right to recovery is based on principles of law established long prior to the enactment of section 594 and that it would be entitled to a recovery even if the provision for repayment contained in section 594 did not exist. Respondent urges that since sections 594 and 597 (subd. 4) limit recovery of benefits to certain instances the statute is exclusive authority by which benefits paid can be recouped. In our opinion the State's construction is correct. Sections 594 and 597 (subd. 4) clearly limit the recovery of benefits to the situation enumerated (*Matter of Marder* [*Catherwood*], 16 A D 2d 303). However, in doing so we construe the legislative intent merely as creating certain limitations on the State's common-law right to recover for benefits improperly or erroneously paid out and not to create a new exclusive statutory basis for recovery. Moreover, what is involved is obviously not a penalty or a forfeiture. Accordingly, the six-year Statute of Limitations is applicable (*King* v. *King,* 13 A D 2d 437) and since we find advanced no cogent reason why summary judgment should not be granted to the State, it is so ordered. Judgment and order reversed, on the law and the facts, without costs; respondent's motion for summary judgment denied, and appellant's motion for summary judgment granted. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.