■ In the Matter of the Claim of A. Arthur Rosen, Appellant. Louis L. Levine, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 2, 1974, reopened and adhered to April 24, 1975, which affirmed the decision of a referee charging claimant with an overpayment of $1,875 in benefits ruled to be recoverable. The overpayment arises from a prior board decision filed January 25, 1974, reversing a referee's decision allowing claimant benefits which claimant had received. Since claimant took no appeal from the prior adverse board decision, we cannot consider the contentions he now raises. The decision of the board holding the benefits paid prior to the reversal by the board of the referee's decision to be recoverable must, therefore, be affirmed (Labor Law, § 598, subd 2). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Kane, Koreman and Main, JJ., concur.

■ In the Matter of the Claim of John W. Granholm, Appellant. Louis L. Levine, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 11, 1974, which reversed a referee's decision and sustained the initial determination of the Industrial Commissioner that claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause by provoking his discharge. The record supports the finding that after warnings not to leave his duty station unattended claimant did so on several occasions. The incident just preceding his discharge occurred within a few moments of claimant's having been told that he was being assigned to a very active one-man packaging assembly line and to be alert to the service requirements. This fact, coupled with the previous warnings, should have given claimant reason to anticipate that such could lead to the loss of his employment. In *Matter of James (Levine)* (34 NY2d 491), the doctrine of provoked discharge has been limited and should not be employed in cases where the employer may or may not choose to discharge the unsatisfactory employee. Here, there is substantial evidence to support the finding that claimant's employment was terminated because of his knowing violation of a reasonable rule of his employer and, since this followed repeated warnings, claimant could have been disqualified for misconduct. Adopting the procedure followed in *Matter of James (Levine) (supra),* the decision of the board should be affirmed rather than remitting the claim to reassess the conclusion. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.