In the Matter of the Claim of NICHOLAS KOMINSKI, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, December 30, 1975

*Anthony J. Gigliotti* for appellant.

*Louis J. Lefkowitz, Attorney-General (Irving Jorrisch, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

HERLIHY, P. J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed May 8, 1974, which adopted and affirmed a referee's decision sustaining an initial determination of the Industrial Commissioner that the claimant had been overpaid benefits which were recoverable in the amount of $1,950.

The appellant, upon his original claim for benefits, was ruled ineligible on October 27, 1972. That determination was reversed by a referee on or about March of 1973. Upon the referee's reversal the appellant received benefits retroactive to October of 1972 and continued to draw benefits. By a decision filed January 4, 1974, however, the board reversed the prior referee's decision of March, 1973 and sustained the original ineligibility determination of respondent. No appeal was taken from that original board decision of January, 1974, and, contrary to the assertion of the appellant, the merits of that decision may not now be considered by this court.

Immediately after the January, 1974 decision of the board, the respondent issued an initial determination that the appellant had been overpaid all of the benefits received as a result of the referee's March, 1973 decision and ordered the appellant to repay the same in the sum of $1,950. The claimant had received $1,406.25 as retroactive benefits due from October of 1972 until the referee's decision and the balance of $543.75 from the date of the referee's decision until the reversal by the board in January of 1974.

Sections 597 and 598 of title 7 (Benefits and Claims) of article 18 of the Labor Law (unless otherwise specified, all statutory references are to the Labor Law) establish situations wherein a prior receipt of benefits may be deemed recoverable from the claimant because they were erroneously paid to him. The appellant contends that either (1) the board erred in finding that subdivision 2 of section 598 controlled as to the benefits paid here or (2) that subdivision 2 of section 598 is unenforceable because it contravenes applicable Federal statutes and/or is unconstitutional as a denial of due process.

Section 597 relates to the initial determination of claims by the Industrial Commissioner. Subdivision 1 recites that his determination as to the validity of the claim and the benefits payable is the "initial" determination. Subdivision 2 describes the information gathering process when a claim is filed and requires an "initial" determination within seven days. Subdivision 3 provides for a further review of claims by the Industrial Commissioner based upon new or corrected information within certain time limitations and the issuance of a new determination.

Pursuant to subdivision 4 of section 597, where a claimant is paid benefits by the initial determination without any fraud or misstatement on the part of claimant, or other knowledge by him that there is an error in granting benefits, the subsequent denial or reduction of such benefits by a new determination of the respondent will not result in an obligation to pay back the benefits already received.

Prior to 1972, section 598 (Payment of benefits in contested cases) provided as follows: "Where an appeal is taken to the appeal board from a decision of a referee allowing benefits, such benefits shall not be paid unless and until the board affirms such referee's decision, and on such affirmance such benefits shall be paid regardless of any further appeal which may thereafter be taken to the courts as hereinafter provided. If a decision of the board allowing benefits is finally reversed by the courts, the commissioner shall have a right of action for the recovery of the moneys paid pursuant to said decision."

In 1972 it was amended by chapter 396 of the Laws of 1972 by designating the former section as subdivision 1 and adding a new subdivision 2 as follows: "Non-applicability. The provisions of the first sentence of subdivision one shall cease to apply if the secretary of labor of the United States finds that

the application is in conflict with the requirements of federal law, unless and until such finding is set aside pursuant to a final decision issued in accordance with such judicial review proceedings as may be instituted and completed under the appropriate provisions of federal law. If a decision of a referee allowing benefits is appealed and such decision is finally reversed, the commissioner shall have a right to the recovery of benefits which have been paid while such appeal is pending and while the above identified provisions do not apply."

Prior to 1972 it was provided that a referee's decision which for the first time allows benefits would not result in payment until it was affirmed by the board. Pursuant to subdivision 3 of section 620, a referee's decision is the decision of the board unless an appeal was taken to the board or the board thereafter by its own process amended such decision. Accordingly, under section 598 as it was previously worded, benefits would be paid pursuant to a referee's decision unless an appeal was taken to the board within 20 days (§ 621) or the board acted within such period of time and in the event of either case, payment would be suspended pending the board's determination.

The new subdivision 2 of section 598 as added in 1972 is effective only if the Secretary of Labor of the United States finds that the withholding of benefits pending appeal from a referee to the board is in conflict with Federal law. There is nothing in the present record to indicate any such finding by the Federal Secretary of Labor. The first sentence of section 598 as it existed prior to the 1972 amendment with regard to a withholding of benefits following a referee decision has been held unconstitutional by a Federal court in *Samples v Levine* (72 Civ 134, US Dist Ct, NDNY [June 23, 1972]). A declaration of unconstitutionality, however, is not the declared factor which would make operative subdivision 2 of section 598. It is readily apparent that the last sentence of said subdivision 2 is dependent upon a determination of inapplicability by the Secretary of Labor and was not intended by the Legislature to be independently operative if the provisions of subdivision 1 (former section 598) should become a nullity. By its own terms, the added subdivision 2 is intended to have only a transitory effect pending inapplicability of subdivision 1 whereas the present situation of declared unconstitutionality and injunction resulting from the *Samples* case does not constitute the condition rendering it "inapplicable".

Pending the appeal to the board, the respondent could not withhold benefits from the claimant as there were no enforceable statutory provisions therefor. Furthermore, there was no effective statutory provision which would directly permit the recoupment of benefits paid pending appeal to the board. Therefore, as recoupment was based upon a mistaken interpretation of the applicability of subdivision 2 of section 598, it must be reversed.

This court has, however, previously held that, in regard to benefits erroneously paid to a claimant, a common-law right of action exists in favor of the State to recover such moneys on the ground that the action is one for money had and received *(People v Duggan,* 30 AD2d 736). Upon this appeal the claimant has not established that recoupment of erroneously paid benefits, whether the error arises from a mistake of fact by the administrative agency or a mistake of law, is, in and of itself, prohibited by Federal statutes or that such a result would be unconstitutional as a denial of equal protection. Nevertheless, if the claimant had been paid by the respondent pursuant to an initial determination which was later found erroneous and a new determination reducing or denying benefits for the prepaid period was issued, the claimant would not have to return such benefits unless he had received them in bad faith or had otherwise caused benefits to issue by false representation or concealment of facts (Labor Law, § 597, subd 4). The claimant herein is in no different situation from that presented in section 597 except that the benefits he received flowed from a higher administrative fact finder authority than the respondent.

To permit a recovery from one erroneously paid claimant without requiring it from the other is a distinction without any reasonable basis which would constitute a class preference, at least as long as all matters relating to his benefits are still exclusively within the sole control of the administrative agency. Thus, the board decision herein would, in any event, constitute a denial of equal protection of the laws if a repayment were attempted without a fact-finding hearing equivalent to that provided by subdivision 4 of section 597 and also by section 594 of the Labor Law, if applicable. (Cf. *People v Duggan, supra; Matter of Soto [Catherwood],* 35 AD2d 395.)

It is not presently necessary to reach the final argument of the claimant that subdivision 2 of section 598 is unconstitutional or that any recovery thereunder would be contrary to

Federal statutes. The decision of the board is arbitrary and capricious as it is based upon the erroneous legal holding that a recovery of the payment was authorized by subdivision 2 of section 598.

The decision should be reversed, without costs, and the matter remitted for further proceedings not inconsistent herewith.

SWEENEY, KOREMAN, MAIN and LARKIN, JJ., concur.

Decision reversed, without costs, and matter remitted for further proceedings not inconsistent herewith.