■ In the Matter of the Claim of ANGELA ABATEMATTEO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 31, 1974, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner charging claimant with an overpayment of $816 in benefits ruled to be recoverable. The overpayment arises from a prior board decision filed May 24, 1974 reversing a referee's decision allowing claimant benefits which claimant had received. Since claimant took no appeal from the prior adverse board decision holding her disqualified from benefits, we cannot consider the contentions she raises on the question of her entitlement thereto. In the light of our decision in *Matter of Kominski (Levine)* (50 AD2d 346), however, we are constrained to hold that the recovery of overpayment has been sought to be achieved by the Industrial Commissioner in the present case by means which work a deprivation of equal protection of law. In *Kominski,* this court held that in view of the different methods provided for recovery of overpayments in section 597 and 598 of the Labor Law, recovery of overpayments under section 598 in the absence of a factual determination following a hearing that such benefit payments were received in bad faith or as the result of a false statement or fraudulent misrepresentation, would be a denial of equal protection. This conclusion was reached because a recovery of overpayments resulting from a revised determination of the commissioner under section 597 could not be had except upon a finding as heretofore indicated, while a recovery of benefits resulting from a reversal by the appeal board under section 598 could be had without any further proceedings. "The claimant herein is in no different situation from that presented in section 597 except that the benefits [she] received flowed from a higher administrative fact finder authority than the respondent" *(Matter of Kominski [Levine], supra)*. A hearing for development of the facts pertinent to a decision under subdivision 4 of section 597 must be had. Respondent relies upon *Matter of Rosen (Levine)* (50 AD2d 621) in which an overpayment under subdivision 2 of section 598 was held to be recoverable and this court affirmed although no fact-finding hearing had been had. While that case was decided prior to *Kominski,* we note that the determination that the claimant therein was disqualified from benefits, was based upon the fact that he had made willful false statements to obtain benefits, and, therefore, there would have been no need for a further hearing to make the same factual determination. Therefore, that case is inapposite. Decision reversed, without costs, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.