OPINION OF THE COURT
Max Bloom, J.
The motions here involved are two in number. One is made by defendants, Century National Bank and Trust Company (Century), and Shenkman. The other is by defendants Plymouth Navigation Company, Inc. (Plymouth), Northern Ships Agency, Inc. (Northern), and Triandafilou. Each is to dismiss on the ground that the causes of action set forth in the complaint are barred by the Statute of Limitations. Since the bases of the separate motions are substantially identical, they will be considered together.
In August, 1973, a corporation wholly owned by plaintiffs was in the process of purchasing a vessel named the Telemachos. In order to obtain the moneys necessary to effect the purchase, the corporation applied to and received from Century, a loan in the sum of $700,000. To secure the loan thus made, the corporation delivered its promissory note in the principal sum, payable in 15 monthly installments of *728 $46,666.67 with interest; a first preferred mortgage; Uniform Commercial Code financing statement; general and specific assignments of moneys to become due; and personal guarantees of the loans by the plaintiffs who were all of the corporate stockholders. It also pledged all of the stock of the corporation, issued and outstanding, with executed separate stock powers. Title to the vessel, which was renamed Sumande, was taken by the corporation.
On September 19, 1973, the corporation defaulted on its obligations. A letter noting the default was transmitted to the corporation on that day. On January 30, 1974, letters were sent by Century by certified mail to the corporation and to each of the plaintiffs declaring them in default and reserving to itself the right "to foreclose on the mortgage, sell the stock of the company and take any action necessary and proper”. Apparently, this action was precipitated by a libel filed against the vessel by its crew.
These letters were followed by a notice dated February 19, 1974, to the corporation that on February 25, 1974, the stock pledged as security for the loan would be sold at private sale. Such a sale was held on the 25th and the stock sold to Plymouth for $100,000.
The complaint contains six causes of action against the several defendants. The first is against Century only and asserts that notice of sale was received by it on February 24, 1974; that the sale was conducted on February 25, 1974; that the vessel Sumande, which was the sole asset of the corporation had an approximate fair value of $2,000,000; that the stock of the corporation was sold at private sale to Plymouth for the sum of $100,000; and that the sale was not made in a commercially reasonable manner as required by the Uniform Commercial Code. The second cause of action, which is directed against Plymouth only, alleges that prior to the sale Plymouth evinced a good faith interest in purchasing the vessel and, in consequence thereof, obtained confidential and privileged information concerning the assets and liabilities of the corporation and the value of the vessel; that acting through its representative, Triandafilou, it attended the sale and, based upon the confidential and privileged information disclosed to Plymouth, purchased the stock of the corporation for the sum of $100,000; that its actions were in bad faith under the Uniform Commercial Code and it knew that the *729 price of the stock was not commercially reasonable, thus reaping a windfall profit.
The third cause of action, which is against Triandafilou, Plymouth and Northern, avers that in November, 1973, Triandafilou, acting on behalf of himself, Plymouth and Northern, contacted the plaintiffs and manifested a good faith interest in purchasing the vessel. Plaintiffs, relying on his apparent good faith, made a full disclosure to him of confidential and privileged information, upon condition that such information be kept confidential; that, in fact, Triandafilou was not acting in good faith and was conspiring with Plymouth and Northern to obtain the vessel at less than its fair and commercially reasonable value.
The fourth cause of action purports to set forth a claim against Triandafilou and Plymouth based upon the charge that Triandafilou and Plymouth were and are in fact one and that Triandafilou’s manifestation of good faith in the purchase of the vessel was a mask to deceive plaintiffs and to obtain the vessel at less than its commercially reasonable value.
The fifth cause of action is, likewise, asserted against Triandafilou and Plymouth. In substance it realleges the fourth cause of action in a slightly different use of language.
The sixth and final cause of action is against all defendants and charges that in or about September, 1973, they entered into a conspiracy, the purpose of which was to obtain the vessel at less than its commercially reasonable value; that in furtherance of the conspiracy, Triandafilou obtained confidential and privileged information from plaintiffs, which he transmitted to Plymouth; that the private sale was utilized as a means of effecting the purposes of the conspiracy; that Northern participated in order to secure the management of the vessel; that Century was involved for the purpose of realizing on its claim against the plaintiffs and their corporation; and that Shenkman’s participation was to protect the interest of Century, of which he is an officer.
It is undisputed that the sale of the stock of plaintiff’s corporation took place on February 25, 1974. It is also undisputed that this action was commenced in October, 1977. Thus, the claim that the action is time-barred hinges on whether the three-year Statute of Limitations (CPLR 214) is applicable.
Defendants premise their claim to a dismissal upon the ground that the action is to recover damages for negligence resulting in injury to property and thus must be brought *730 within three years from the time of its accrual (CPLR 214, subd 4). Inasmuch as the time lapse between the sale was somewhat more than three years and seven months, they contend that the action must be dismissed. To determine whether or not this contention is justified, we turn to the several causes of action alleged.
The first cause is bottomed on the claim that the sale was made under circumstances which were not commercially reasonable. Hence, the basis of the claim is not founded in negligence; it is based upon an alleged violation of subdivision (3) of section 9-504 of the Uniform Commercial Code, which, in pertinent part, provides that sale of pledged collateral may be made at public or private sale "at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable”. As such, it would ordinarily fall within CPLR 214 (subd 2) which requires that an action to recover upon a liability imposed by statute be commenced within three years. However, the cases make abundantly clear that in order for the three-year limitation to attach, the liability must be one which would not exist but for the statute. If this liability preexisted the statute, we must resort to other provisions to determine when an action is time-barred Shepard Co. v Taylor Pub. Co., 234 NY 465; People v Duggan, 30 AD2d 736; Klimczak v Connrex Corp., 49 AD2d 1031; Bevelander v Town of Islip, 10 AD2d 170; Bonilla v Reeves, 49 Misc 2d 273; Hornblower & Weeks-Hemphill, Noyes v Burchfield, 366 F Supp 1364). That the rule laid down in subdivision (3) of section 9-504 of the Uniform Commercial Code is merely a codification of pre-existing law is evident from the authorities. As early as the turn of the century, it was pointed out that "[t]he contract of bailment, whereby personal property is deposited or pledged as security for a debt, creates duties and relations peculiar to itself. These duties and relations are governed more by the general maxims of equity than by the strict rules of the common law. It has been said that the pledgee occupies the position of a trustee for the owner, to pay the debt first, and then the surplus over to the pledgor. He is not permitted to deal with the trust property in such a way as to destroy or impair its value” (Toplitz v Bauer, 161 NY 325, 332). More recently, but still before the adoption of Uniform Commercial Code, the Court of Appeals noted that "[a] pledgee’s duty adequately to advertise his sale is not imposed by any statute *731 but by 'the general maxims of equity’ which govern pledges [citation omitted]. Equity assigns to pledgor and pledgee a trust relationship with resulting obligations on the pledgee [citations omitted]. One of those obligations (on mortgagee and pledgee) is to 'use every effort to sell the estate under every possible advantage of time, place and publicity’ ” (Matter of Kiamie [Colonial Trust Co.], 309 NY 325, 330).
Inasmuch as the action is not one to recover for an injury to property and is not, within the meaning of CPLR 214, an action to recover on a liability imposed by statute, CPLR 214 has no application.
While it is true that there is a presumption that the sale of collateral by a pledgee is accomplished in a commercially reasonable fashion and that presumption is not ordinarily overcome by naked assertions of impropriety (First Nat. City Bank v Cooper, 50 AD2d 518), particularly in the absence of allegations of self-dealing (Central Budget Corp. v Garrett, 48 AD2d 825), that question is not now before me. Accordingly, no disposition is made with respect thereto.
The second, fourth and fifth causes of action all fall into a single category. They are based upon the alleged disclosure by plaintiffs of "confidential and privileged” information which was used by those specified as the defendants in those causes of action "in bad faith” for the purpose of purchasing the vessel at the private sale. No disclosure is made of the so-called "confidential and privileged” information, nor is any bad faith, other than the purchase at the private sale, indicated. Be that as it may, no contractual or fiduciary relationship is indicated between the parties. Thus, these claims are either based in tort, or if based on section 9-504 (subd [4], par [b]) of the Uniform Commercial Code, are liabilities imposed by statute. In either event, the claims fall within the three-year statute and are time-barred.
The third and sixth causes of action allege conspiracies. It is plain that they seek recovery for an injury to plaintiffs’ property interest in the vessel. As such, they fall within CPLR 214 (subd 4). Not having been brought within the time limited by law, they are barred.
Accordingly, the motions to dismiss are granted as to the second, third, fourth, fifth and sixth causes of action. They are denied as to the first cause of action.