OPINION OF THE COURT
Timothy J. Drury, J.
The defendants, The Bank of New York and Roger R. Kremblas, were served by a supplemental summons and complaint five years after the causes of action arose. The causes of action alleged that Kremblas, while in the employ of The Bank of New York, did negligently, and also as a result of misconduct, notarize an instrument when the signer was not present and did not appear before him and did, thereby, cause a loss to the plaintiff. The defendants claim, in this motion for summary judgment, that the suit is barred by the Statute of Limitations since actions in negligence must be brought within three years of the incident (CPLR 214, subds 4, 5), and that, since the cause of action charging misconduct is based on a violation of duties set forth in section 135 of the Executive Law, this cause of action must be likewise barred since it was created or imposed by statute. (CPLR 214, subd 2.)
The plaintiff responds by reading CPLR 214 (subd 4) closely and stating that, since he did not claim damage to his “property” but only general financial loss in the first *1040 cause of action, he cannot be barred by a statute that speaks only of an “action for damages for injury to property”. As to the second cause of action, the plaintiff responds that, since the liability of a notary public existed in common law before section 135 of the Executive Law and its predecessor, this statute cannot be said to have “created or imposed” a liability pursuant to CPLR 214 (subd 2), and that, therefore, the cause of action based bn this common-law duty is not barred. The plaintiff claims that, since the three-year Statute of Limitations does not apply to either cause of action, the applicable time period is the six-year one pursuant to CPLR 213 (subd 1) relating to the period for “an action for which no limitation is specifically prescribed by law”.
As to the first cause of action, the court finds that, although there is opinion otherwise (see Sumner v Century Nat. Bank, 92 Misc 2d 726), the better-reasoned view is that the term “injury to property” in CPLR 214 (subd 4) refers to general monetary loss and not to specific property or items (see Siegel, New York Practice, §37, n 12, referring to section 25-b of the General Construction Law, which defines an injury to property as any “actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract”; see, also, Buscarello v Guglielmelli, 44 Misc 2d 1041). Therefore, the Statute of Limitations applies to this cause of action, which is for negligence alleging a general financial loss and the court, therefore, grants defendants’ motion for summary judgment and dismisses the cause of action.
As to the second cause of action, the court finds that the liability of a notary public for misconduct is founded in common law and predates any statutory duty (see Executive Law, § 135 [Historical Note], which places the earliest antecedent law at 1892; see, also, Ann., 18 ALR 1302, 1305, citing Lesser v Wunder, 9 NY Week Dig 56). If the liability of the notary public predates any statutory duty, the liability cannot be said to have been created or imposed by statute (see Sumner v Century Nat. Bank, 92 Misc 2d 726, supra; State of New York v Cortelle Corp., 38 NY2d 83; People v Duggan, 30 AD2d 736). Therefore, the second cause of action, based on a violation of section 135 of the *1041 Executive Law is not barred by the Statute of Limitations and the court, therefore, denies the defendants’ motion for summary judgment dismissing this cause of action.