Elias RAND, M.D., Plaintiff,

v.

Stanley BREZENOFF, as Commissioner of the Department of Social Services of the City of New York, Defendant.

No. CV–81–0567.

United States District Court, E.D. New York.

Nov. 9, 1982.

Marvin Tenzer, P.C., New York City, for plaintiff.

Frederick A.O. Schwartz, Jr., Corp. Counsel of the City of New York, New York City (Michael S. Sparer, New York City, of counsel), for defendant.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

In the above-entitled action, defendant has moved pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order dismissing the first and second causes of action in the amended complaint, and for partial summary judgment on plaintiff's fourth cause of action. For the reasons set forth below, defendant's motion is hereby granted.

Plaintiff is a physician who participated as a provider in the New York Medicaid Program. In connection with that program, the New York City Human Resources Administration ("the City") receives and evaluates claims for reimbursement from providers. Under the applicable regulations, the medicaid provider is required to submit a claim for reimbursement within 90 days of rendering the medical treatment.

Where a claim is deemed improper or otherwise insufficient, the City, upon notification to the provider, may reject the claim in whole or in part. A provider is then given 30 days from the date of such notice to "reclaim" the invoice. Where a provider receives no response to his claim for a period of six months, he is then required to "resubmit" his claim to the City.

The instant action concerns hundreds of such claims, reclaims, and resubmittals, totalling approximately $116,000 which plaintiff alleges is due him for services purportedly rendered between 1973 and 1976. In his first two causes of action, plaintiff alleges denial of due process and violation of the Social Security Act and the New York Medicaid Program in that 663 claims totalling approximately $64,000 were never processed by the City. Plaintiff's third cause of action concerns approximately $11,000 worth of claims which were allegedly improperly rejected as a result of the State OHSM survey. Plaintiff's fourth cause of action concerns approximately $41,500 worth of claims allegedly improperly rejected by the City.

Defendant has moved to dismiss plaintiff's first two causes of action on the grounds that his claim for relief is barred by the statute of limitations. Both parties concede that this action is governed by the three year statute of limitations period mandated by CPLR § 214(2). The issue before this court is the date of accrual of plaintiff's cause of action. Plaintiff contends that this is an issue of material fact to which a summary judgment determination would be improper. This court does not agree. Determination of the accrual date is to be determined by federal law. *Azalea Meats Inc. v. Muscat*, 386 F.2d 5, 8 (5th Cir.1967). Under federal law, accrual occurs "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Barninger v. National Maritime Union*, 372 F.Supp. 908 (S.D.N.Y. 1974); *see Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F.Supp. 518 (S.D.N.Y. 1977). The specific issue before this court

is, thus, on what date should plaintiff have known of the injury caused by the City's failure to process the 663 claims in question.

The facts concerning the 663 claims are clear. Each was submitted to the City between December, 1974 and January 1977 and concern services allegedly rendered between January, 1973 and December, 1976. The relevant regulation provides that if a provider has not received notice from the City as to which invoices are approved for payment and which are not, within six months of the date of originally submitting each claim, he is required to resubmit his claim for reimbursement. Defendant argues that at this point, (six months after the original submissions) plaintiff *was on notice* that there was a problem with his claim and therefore his cause of action on the claim would accrue. Simply stated, defendant argues that the statute of limitations began to run on each invoice exactly six months and one day after each original submission. This action was commenced on February 24, 1981. Given the three year statute of limitations mandated by CPLR § 214(2), all claims accruing prior to February 24, 1978, are thus time-barred. Defendant's theory of accrual would therefore set August 24, 1977 (six months prior) as the cut-off date for any original submission to be sued upon. In consideration of the fact that the *last* original submission of the 663 claims which comprise plaintiff's first two causes of action, took place in January, 1977, under the defendant's theory, they would *all* be time-barred.

It is the plaintiff's position that the City's resubmission requirement, directing providers to resubmit invoices where there was no response to original claims for a period of six months, represents an exhaustion of administrative remedies requirement which mandated delay of this action, and should thus toll the statute. The court declines to accept this reasoning.

■ It is well settled that where the filing of an administrative claim is not made a statutory prerequisite to suit, the statute of limitations is not tolled by pendency of such a claim. *Camacho v. United States,* 494 F.2d 1363, 1369 (Ct. of Claims 1974) (*per curiam*). The general law is that the statute of limitations is not tolled while plaintiff seeks administrative relief if administrative relief is not a prerequisite to the federal action. *Chambers v. Omaha Public School Dist.,* 536 F.2d 222, 230 (8th Cir.1976). *See Berry v. Arthur,* 474 F.Supp. 427, 434 (D.South Dakota 1979). There is no such statutory prerequisite affecting the case at bar, and thus no tolling of the statute of limitations. It would seem beyond question, that failing for a period of six months to receive a response concerning his original submissions, plaintiff was therefore on notice as to the injury which is the basis of his first two causes of action. At that point plaintiff's cause of action accrued. *See e.g., Bireline v. Seagondollar,* 567 F.2d 260 (4th Cir.1977), *cert. denied,* 444 U.S. 842, 100 S.Ct. 83, 62 L.Ed.2d 54 (1979). In that plaintiff may be charged with notice *prior* to August 27, 1977, plaintiff's first two causes of action concerning the 663 submissions allegedly never processed by the City, are hereby dismissed as barred by the statute of limitations.

Plaintiff's fourth cause of action alleges improper rejection by the City of $41,500 worth of claims submitted by the plaintiff. Defendant has moved for partial summary judgment dismissing $38,095.32 worth of claims as being barred by the statute of limitations. Again, there is no dispute as to the facts. Plaintiff submitted 459 original invoices. He was notified by the City prior to February, 1978, that all but 39 of the claims had been reduced or rejected. The issue before this court is the accrual date of plaintiff's cause of action. This action was commenced on February 24, 1981. Thus, the applicable 3 year statute of limitations marks February 24, 1978 as the "cutoff" date for those invoices still actionable. Plaintiff was notified prior to February, 1978, that all but 39 of the aforementioned 459 original submissions had been reduced or rejected. The unpaid portion of the 39 invoices totals $3,404.68, which plaintiff does not dispute. Here, as in the first two causes of action, plaintiff seeks to invoke

the exhaustion of administrative remedies procedure as a "toll." Plaintiff argues that he filed "reclaims" for each of the reduced or rejected claims. This argument fails for the reasons stated previously with regard to plaintiff's "resubmissions." The reclaim procedure, like the resubmission procedure, was not a prerequisite to this law suit. Therefore, the statute of limitations is not tolled by its utilization. *See Chambers v. Omaha Public School Dist., supra,* 536 F.2d at 230. Accordingly, defendant's motion for partial summary judgment dismissing $38,095.32 of plaintiff's claim for $41,500 is hereby granted.

*Conclusion*

For the aforementioned reasons, defendant's motion for summary judgment dismissing plaintiff's first two causes of action and for partial summary judgment dismissing $38,095.32 worth of claims in plaintiff's fourth cause of action, is hereby granted.

So ordered.