Eugene HOLLANDER, Plaintiff,

v.

**Stanley BREZENOFF, Commissioner of the Department of Social Services of the City of New York, Defendant.**

No. 81 Civ. 1727 (MEL).

United States District Court,
S.D. New York.

April 13, 1984.

Marvin L. Tenzer, P.C., New York City, for plaintiff; Marvin L. Tenzer, Scott B. Lunin, David J. Larkin, Jr., New York City, of counsel.

Frederick A.O. Schwarz, Jr., Corp. Counsel of The City of New York, New York City, for defendant; Michael S. Sparer, New York City, of counsel.

LASKER, District Judge.

Eugene Hollander, former licensed operator of four nursing homes which participated as providers under the New York State Plan for Medical Assistance ("Medicaid") sues Stanley Brezenoff, Commissioner of the Department of Social Services of the City of New York, alleging violations of the reimbursement provisions of the Social Security Act, 42 U.S.C. § 1396, *et seq.* and New York Social Services Law § 396, *et seq.* Defendant moves pursuant to F.R. Civ.Pr. 56 for summary judgment to dismiss the complaint on the grounds that it is time-barred. The motion is granted.

■ The Social Security Act, 42 U.S.C. § 1396, *et seq.* does not contain a limitation of time for the filing of claims. In the absence of a federal statute of limitations, the relevant state statute governs. *Cope v. Anderson,* 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947). Defendant asserts that the relevant limitation period under New York law is three years as set forth in C.P.L.R. § 214(2) for actions to recover upon liability created or imposed by statute.[1] Plaintiff contends that the six-year

1. Defendant relies primarily on *Rand v. Breze-noff,* 555 F.Supp. 532 (E.D.N.Y.1983), in support

period set forth in C.P.L.R. § 213(2) for actions upon a contractual obligation is appropriate. Where a liability would not exist but for the presence of a statute which provides the basis for it the suit is a "liability ... created or imposed by statute" and is thus governed by section 214(2). *See, Hornblower & Weeks-Hemphill, Noyes, v. Burchfield,* 366 F.Supp. 1364 (S.D.N.Y. 1973). The New York Medicaid program is a statutory creature which would not exist except for the passage of the Social Security Act and the New York Social Services Law. Thus, any claim brought alleging violations of the Medicaid provisions is a claim whose liability is created or imposed by statute and appears therefore to be governed by section 214(2).

Nevertheless plaintiff asserts that because the provider agreement he was required to enter into with the state pursuant to 42 U.S.C. § 1396a(a)(27) was in essence a contract, the six-year-period of C.P.L.R. § 213(2) applies. To support this argument he cites *Weinberger v. New York Stock Exchange,* 335 F.Supp. 139 (S.D.N.Y.1971). Weinberger alleged a violation of section 6 of the Securities Exchange Act which the Exchange moved to dismiss the action as time-barred under section 214(2). Plaintiff then served an amended complaint, which, although alleging the same facts as the original, pleaded a third-party-beneficiary-contract theory rather than a claim under section 6. The new complaint was premised on the fact that section 6 requires the Exchange to enter into a contract with the Securities Exchange Commission, by which the Exchange promises to enforce, to the extent of its powers, compliance by its members with the securities law and with its own rules. Judge Gurfein held that the complaint stated a valid contract claim, and concluded that the six-year limitation period of section 214(2) applied. *Weinberger,* 335 F.Supp. at 145.

In *Weinberger,* liability was said to flow from the breach of an exchange's statutory

duty to regulate its firm members. *Weinberger,* 335 F.Supp. at 142. In contrast, in the instant case, section 1396a(a)(27) of the Social Security Act was not intended by Congress to create a cause of action but rather to facilitate the keeping of records and furnishing of information by all providers who supply services under the Medicaid plan. 42 C.F.R. § 431.107 (1982). The plaintiff's provider agreements are irrelevant to this action. Unlike the situation in *Weinberger,* plaintiff's cause of action does not arise from the provider agreements, but rather from his claim that he was injured because he has not been reimbursed for providing services to Medicaid patients in his nursing homes.

Hollander also argues that whatever the proper statute of limitations, the defendant has failed to establish the date upon which the plaintiff's cause of action accrued. The argument is without merit.

▮▮▮▮ Determination of the accrual date under a state statute of limitations is subject to federal law. *Azalea Meat Inc. v. Muscat,* 386 F.2d 5, 8 (5th Cir.1967). Under federal law, accrual commences when the claimant knows or has reason to know of the injury which is the basis of the action. *Barninger v. National Maritime Union,* 372 F.Supp. 908 (S.D.N.Y.1974). Accordingly, the question is by what date Hollander knew or should have known of the injury caused by the City's alleged improper rejection of his claim for reimbursement and alleged improper deduction from his Medicaid account.

▮▮▮▮ Under the applicable procedures of the New York City Department of Income Maintenance, stated in a notice submitted to the plaintiff on March 27, 1983 from the Director of the Division of Medical Payments, the Medicaid provider is required to submit a claim for reimbursement within 90 days of rendering medical service. If a claim has been declared improper the City,

---

of his argument that C.P.L.R. § 214(2) is the proper limitation period for claims of this nature. Defendant's reliance on *Rand* is misplaced. In *Rand,* it was conceded by both parties that the applicable statute of limitations for

a suit brought by a Medicaid provider against the city for alleged failure to process his claims for reimbursement was the three-year period of section 214(2).

after notifying the provider, may reject the claim in whole or in part. The provider then has 30 days from the date of such notice to "reclaim" the invoice. Where a provider receives no response to his claim for a period of six months he is required to resubmit his claim to the City. If for a period of six months the provider fails to receive a response to his original submission, he is on notice as to the injury caused by improper rejection of his claim. *Rand,* 555 F.Supp. at 533–34. Thus, since Hollander alleges that between 1970 and 1976 he submitted approximately $616,000 worth of Medicaid claims to the City for which he has not been reimbursed, he was on notice of the injury caused by the City's improper rejection of his claim at the latest by December 31, 1976.

This action was commenced March 23, 1981. Given the three-year limitation period all claims accruing prior to March 23, 1978 are time-barred. Accordingly, since the plaintiff alleges that between the years 1970 through 1976 his four nursing homes provided care to Medicaid recipients for which he remains unimbursed, the claims alleging improper rejection of such claims for reimbursement are barred.

This analysis applies also to the claim that the City improperly deducted funds from his Medicaid account. In his complaint the plaintiff admits that between 1970 and 1976 the City improperly committed such acts. Thus, a cause of action to challenge the propriety of such actions accrued on the date he learned of the deductions. Accordingly, this claim is also time-barred.

The complaint is dismissed.

It is so ordered.