OPINION OF THE COURT
Timothy J. Drury, J.
The court has in a prior decision dismissed the plaintiff’s cause of action based on negligence as barred by the Statute of Limitations but has allowed the plaintiff to proceed on its cause of action for misconduct on a notary’s common-law duty embodied in section 135 of the Executive Law (111 Misc 2d 1039).
I agree with the logic of the plaintiff’s position. It is that if the defendant Aquino signed the lease agreement at issue, he is liable to the plaintiff. If he didn’t, then the defendant notary, Kremblas, and his employer, "the Bank of New York, are liable for Kremblas’ acts in notarizing the signature of an imposter if those acts constitute misconduct under section 135 of the Executive Law. I find, however, after examining the signature in question, especially plaintiff’s exhibit No. 15 in evidence, that the defendant Aquino did not sign the lease agreement and that therefore he is not liable. I find further that the plaintiff has established the following facts and seeks to use them to make *621 out a cause of action based on misconduct against the defendants Kremblas and the Bank of New York: that the notary, Kremblas, took the acknowledgment without the real person being present, that he did not obtain proper identification, and if he had, the forgery would not have occurred, and that incredibly Nicholas Aquino, who forged his father James’ signature, appeared at or about the same time before the notary, Kremblas, and presented proof of an out-of-State driver’s license in his own name and with it opened a checking account in his own name at the bank. I find, however, that the aforesaid facts do not amount to intentional, fraudulent, or willful conduct, but do amount to gross negligence chargeable to the defendant Kremblas and thus to his employer, the Bank of New York.
The plaintiff urges the court to adopt as its definition of “misconduct” the first definition set forth in Black’s Law Dictionary (5th ed, p 901), “A transgression of some established and definite rule of action”. The plaintiff argues that the defendants Kremblas and Bank of New York are liable because Kremblas did not request identification from the imposter and this failure to do so is a breach of the most basic duty of a notary and that is to check the identity of the person for whom he is vouching. The plaintiff has submitted no cases to sustain its position and indeed there are no New York cases to establish precisely what actions constitute misconduct by a notary in a civil case. Misconduct at least encompasses situations where a notary willfully participates in a fraudulent act, but does it encompass other acts such as the ones in question? Black’s Law Dictionary proceeds to define “misconduct” also as “unlawful behavior, willful in character” and lists various synonyms for it but specifically excludes negligence, “but not negligence or carelessness” {ibid.). Black’s also defines “misconduct in office” as “Any unlawful behavior by a public officer in relation to the duties of his office, willful in character” {ibid.). This court therefore holds that misconduct of a notary in a civil case is confined to intentional, fraudulent, or willful acts, and since no such acts have been proven by the plaintiff, the court finds on behalf of the defendants Kremblas and Bank of New York and denies recovery to the plaintiff.
*622 The defendant Aquino has in turn brought a cross claim against the defendants Kremblas and the Bank of New York alleging that these defendants are liable to Aquino for reasonable attorney’s fees based first on the misconduct of the notary, Kremblas, pursuant to section 135 of the Executive Law and secondly on the negligence of the notary and through him of his employer the Bank of New York. As to the cause of action alleging misconduct the court finds that the acts of the defendants that have been proven amount to gross negligence but not misconduct (in line with what was decided above in the main lawsuit) and thus the court finds on behalf of the defendants Kremblas and Bank of New York in this cause of action. However, the cause of action alleging negligence is not barred by the Statute of Limitations as it was in the main lawsuit (28 NY Jur, Indemnity, § 33, pp 80-81; see Seligson v Chase Manhattan Bank, 50 AD2d 206). As to this cause of action the court finds that the defendant Aquino’s legal expenses were the proximate and natural consequences of the negligent acts of the defendant Kremblas and through him of his employer Bank of New York. These acts required Aquino to defend himself against the action brought against him by the plaintiff Independence Leasing. The court further finds that the legal fees paid by Aquino were reasonable and necessary to his defense (the expenses covered more than four years of litigation, including a three-day trial, the argument of a pretrial motion in court and an examination before trial). Therefore, while “The general rule is that the legal expenses necessarily incurred in carrying on a lawsuit may not be recovered as general or special damages (Miss Susan, Inc. v Enterprise & Century Undergarment Co., 270 App Div 747, 750, affd 297 NY 512)”, the above facts qualify as a well-recognized exception. (Central Trust Co. v Goldman, 70 AD2d 767.)
Judgment is therefore rendered on behalf of defendant Aquino against defendants Kremblas and Bank of New York in the amount of $2,552.50 plus costs. All other claims and cross claims are denied.