VINCENT W. VINDITTIE, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 30690.) — Appeal from a judgment of the Court of Claims, entered January 7, 1954, awarding damages to the claimant for an assault and battery found to have been committed upon him by members of the State police. According to the claimant's proof, he was arrested by two State police officers on the night of December 21, 1950, after he had been involved in an automobile accident. The claimant, a parolee from State's prison, had no license to operate an automobile but he had nevertheless been allowed to drive a friend's automobile to take some mutual friends home. The claimant testified that he gave his name to the State troopers and told them that he was a parolee and that he had no operator's license but he claimed that they took him to the State troopers' barracks and there tried to make him admit that he had stolen the automobile and beat him for a period of over two hours in an effort to extract that admission. According to the claimant's proof, he was severely injured about the head, chest, abdomen and legs. The State trooper who was sworn, testified that no physical violence had been committed by him or in his presence; that the prolonged interview of the claimant was due to the fact that claimant had refused to give even his own name and that, when the necessary information was finally obtained from a companion of the claimant's, the claimant was promptly arraigned before a justice of the peace. The claimant pleaded guilty to the crime of driving without an operator's license

and was sentenced to ten days in the county jail. The next day he was taken to the hospital from the jail for medical attention and was taken there several times thereafter during the period of his incarceration. One of the State troopers who had participated in the arrest died prior to the trial. A State police sergeant who had been present at the barracks had retired from the State service prior to the trial; he was not called as a witness by either party. The theory of the defense was that the claimant's injuries had been sustained in the automobile accident; this was supported by testimony that the claimant had stated to the doctor at the hospital and to the jailer and others that he had been injured in the accident. The claimant maintained that he had suffered no injuries in the automobile accident and that all the injuries sustained by him were attributable to the violence of the State police officers. His counsel, upon this appeal, points out that the statements attributing the injuries to the automobile accident were made while he was in custody and he argues that, during that period, he was afraid to make any complaint. There was proof upon the trial that the claimant had informed his stepfather of the attack by the State police officers upon the stepfather's visit to the jail and that this statement had been overheard by one of the jailers and reported to the Sheriff. Upon the whole record, a sharp question of fact is presented as to the veracity of the respective claims. The Court of Claims judge had an opportunity, which we do not have, to observe the witnesses and to take their demeanor into account in passing upon their credibility. We see no reason to disturb his finding. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.