Richard S. Heller, J.
Claimant was arrested by two members of the New York State Police at approximately 5:00 p.m. on July 28, 1958. The troopers were not satisfied with the statements given by claimant, so at 8:00 p.m. they transported Holler to the troop headquarters at North Syracuse. Claimant was questioned from 8:00 p.m. until 4:00 a.m. on July 29, 1958, after which he was photographed, fingerprinted, and later lodged in jail.
It is claimant’s contention that between 8:00 p.m. on July 28 and 4:00 a.m. on July 29 he was unlawfully assaulted without provocation. Claimant has testified that he ivas struck innumerable times by the questioning troopers. The evidence sustains his testimony that he was brutally beaten. An examining doctor who saw claimant immediately upon his release found more than 40 contusions, brush burns and lacerations on claimant’s body, arms and legs. In addition, claimant’s left eye was discolored, the left ear was swollen and discolored, the left upper lip was swollen and discolored and the inside of the left cheek was lacerated.
This assault was without provocation or justification and the State must respond in adequate compensatory damages (Franklin v. State of New York, 276 App. Div. 1038; Vindittie v. State of New York, 283 App. Div. 1137).
Significant in the court’s findings is that prior to claimant’s arrest he was in good physical condition and unmarked and upon release from jail he was a distraught object of pity, beaten and severely injured.
The defense is an absolute denial that the claimant was assaulted. Four troopers not engaged in the investigation stated that they saw nothing wrong with claimant, yet each observed only the right side of his face. Claimant was photographed after his statement had been taken, yet this photograph was not offered in evidence on behalf of the State.
*228 In addition to the bruises, abrasions and lacerations heretofore mentioned claimant complains of an injury to the elbow, neck, testicles and stomach. Claimant’s doctor has testified that there is a thickening of the muscle of the left ear which will be permanent. The doctor also testified that the injury to the soft tissue of the neck would cause pain and limited restriction permanently. Claimant testified that he still has pain in the elbow and in the testicles. The court finds that the injuries are as testified by the claimant and his doctor and that the injuries were the result of the assault.
The claim has not been assigned.
Claimant’s medical bill amounted to $125. His lost wages for four weeks amounted to $380.
Claimant is entitled to an award in the sum of $10,505 for all damages, past, present and future.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered. Let judgment be entered accordingly.