■ ROGER D. HOWARD et al., Appellants, v. FINNEGANS WAREHOUSE CORP. et al., Respondents.— SWEENEY, J. Appeal from an order of the Supreme Court at Special Term, entered July 7, 1969 in Ulster County, which denied a motion by plaintiffs to dismiss an affirmative defense. Plaintiffs seek recovery for damage to personal property caused by fire while it was being transported in defendant carrier's moving van. It has been stipulated that defendant La Forge was acting on behalf of the corporate defendant as its employee at all times mentioned in the complaint. Defendants' answer contains an affirmative defense alleging that pursuant to an agreement contained in the bill of lading defendant's liability is limited to $.30 per pound. Special Term

denied a motion to dismiss this defense. The sole question presented on this appeal is whether the employee of a common carrier is entitled to the benefit of the limitation of liability of the carrier for his negligence. Pursuant to both section 7–309 of the Uniform Commercial Code and section 63-v of the Public Service Law, a carrier's liability may be fixed by contract, as was effected in the instant case. Plaintiffs contend that there is nothing in the bill of lading agreement which purports to limit the liability of defendant La Forge. The plaintiff Shirley Howard voluntarily agreed to limit liability of the corporate defendant. It is reasonable to infer that she must have known that the actual work of transporting the furniture would be done by employees of the corporation. Our courts have adopted the rule set forth in section 347 of the Restatement of the Law of Agency which provides that an agent who is acting within his authority is entitled to the immunities of the principal. (*Schoeffer* v. *United Parcel Service of N. Y.,* 277 App Div. 569; *Berger* v. *34th St. Garage,* 3 N Y 2d 701.) Since it is stipulated that La Forge was acting on behalf of the defendant corporation at all times, we conclude that he is entitled to the benefit of the limitation of liability. Plaintiff relies chiefly on *Herd & Co.* v. *Krawill Mach. Corp.* (359 U. S. 297). This case involved the construction of a Federal statute applicable to interstate commerce. In the instant case we are dealing basically with a matter of common law, and we are not bound to adopt a federal court's ruling. (See *Erie R. R. Co.* v. *Tompkins,* 304 U. S. 64.) Order affirmed, without costs. Herlihy, P. J., Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.