GERALD E. STAFFEN, Respondent, v CITY OF ROCHESTER et al., Appellants.

Fourth Department, April 3, 1981

APPEARANCES OF COUNSEL

*Louis N. Kash, Corporation Counsel (Michael J. Looby* of counsel), for appellants.

*Robert F. Wood, P. C. (Richard G. Curtis* of counsel), for respondent.

OPINION OF THE COURT

MOULE, J.

The question presented on appeal is whether the one-year and 90-day Statute of Limitations specified by section 50-i of the General Municipal Law or the three-year limitation of CPLR 214 (subd 2) should apply in an action alleging violation of civil rights under sections 1983 and 1985 of title 42 of the United States Code against a municipal corporation and several of its police officers.

On January 16, 1979 plaintiff was arrested by Rochester Police Officers and charged with resisting arrest and two counts of assault. At trial on December 12, 1979, during which Police Officers Michael Barbarita and Daniel Woods testified, the court dismissed one assault charge as a matter of law. Plaintiff was acquitted on the resisting arrest charge and the remaining assault charge.

Although on March 29, 1979 plaintiff had served a notice of claim pursuant to section 50-e of the General Municipal Law against the City of Rochester and unknown police officers alleging false arrest, assault, negligence and gross negligence and violation of his civil rights (US Code, tit 42, §§ 1983, 1985), he served a second notice of claim on March 5, 1980. This second notice of claim was served against defendants City of Rochester and the afore-mentioned police officers, alleging malicious prosecution and civil rights violations (US Code, tit 42, §§ 1983, 1985). Plaintiff served a summons and complaint on July 23, 1980. The complaint alleged the giving of the first and second notice of claims and set forth five causes of action: (1) false arrest and assault on January 16, 1979; (2) malicious prosecution; (3) civil rights violations (US Code, tit 42, §§ 1983, 1985); (4) negligence and gross negligence for the actions on January 16, 1979; and (5) punitive and exemplary damages based on the alleged facts.

Defendants moved to dismiss plaintiff's first, third, fourth and fifth causes of action pursuant to CPLR 3211 (subd [a], pars 2, 7). Defendants based this contention on the ground that plaintiff had failed to commence the action within one year and 90 days of the January 16, 1979 incident as required by section 50-i of the General Municipal Law. Defendants also moved, pursuant to CPLR 3024, to dismiss the complaint on the ground of prejudice caused by the unnecessary pleading of such actions.

Special Term held that the first and fourth causes of action were tort actions that occurred on January 16, 1979 and were time barred under the one-year and 90-day limit of section 50-i of the General Municipal Law, dismissing them with prejudice. It also held that the three-year Statute of Limitations under CPLR 214 (subd 2) applied to the

Federal civil rights claim in the third cause of action and was not time barred, denying the motion to dismiss. It further dismissed the fifth cause of action as insufficient. Finally, Special Term held that the complaint was confusing and prejudicial pursuant to CPLR 3024, dismissed it without prejudice, and granted leave to amend the complaint to reassert the second and third causes of action.

Defendants contend that Special Term erred in applying the three-year Statute of Limitations under CPLR 214 (subd 2) to the third cause of action. They assert that plaintiff's civil rights actions are based on tort claims against a municipality and its police officers and that the one-year and 90-day Statute of Limitations under section 50-i should apply.

Congress did not provide sections 1983 and 1985 of title 42 of the United States Code with their own Statute of Limitations. Case law requires that the most appropriate period of limitations provided by State law must be applied *(Board of Regents v Tomanio,* 446 US 478; *Johnson v Railway Express Agency,* 421 US 454, 462; *Swan v Board of Higher Educ. of City of N. Y.,* 319 F2d 56, 59).

The three-year Statute of Limitations in CPLR 214 (subd 2) applies to "an action to recover upon a liability, penalty or forfeiture created or imposed by statute". This section does not apply to statutes that regulate a substantive right or the procedure for its enforcement because such statutes do not create or impose a liability, penalty or forfeiture *(State of New York v Cortelle Corp.,* 38 NY2d 83, 89). Sections 1983 and 1985 of title 42 of the United States Code do not provide a substantive right, but only furnish a remedy for the enforcement of Federal constitutional rights *(Chapman v Houston Welfare Rights Organization,* 441 US 600). Consequently, they are not actions upon a liability, penalty or forfeiture and CPLR 214 (subd 2) does not apply.

It is a long-standing rule in New York that it is the gravamen or essence of the cause of action that determines the applicable Statute of Limitations *(Western Elec. Co. v Brenner,* 41 NY2d 291, 293; *Brick v Cohn-Hall-Marx Co.,* 276 NY 259, 264). Here, the Federal civil rights claim under sections 1983 and 1985 is a tort action against police

officers to whom the municipality has a duty to indemnify under section 50-j of the General Municipal Law, which makes the municipality the real party in interest (see *Fitzgerald v Lyons*, 39 AD2d 473, 474). Consequently, the one-year and 90-day Statute of Limitations of section 50-i of the General Municipal Law applies *(Davis v Krauss*, 478 F Supp 823; *Yash Pal Gupta v Eygabroat*, US Dist Ct, WDNY, Sept. 23, 1980, No. 80-251).

We have considered plaintiff's reliance on the rationale in *Quinn v Syracuse Model Neighborhood Corp.* (613 F2d 438) and find it inappropriate. While the Supreme Court in *Monell v New York City Dept. of Social Servs.* (436 US 658) held that municipalities are not immune from civil rights actions (US Code, tit 42, § 1983), it did not hold that municipalities are defined as persons for purposes of determining the applicable State law governing the appropriate Statute of Limitations. Earlier applications of CPLR 214 in such actions against municipalities (see *Swan v Board of Higher Educ. of City of N. Y.*, 319 F2d 56, *supra)* have been superseded by recent decisions on the nature of these actions *(Chapman v Houston Welfare Rights Organization*, 441 US 600, *supra)* and on the appropriate application of CPLR 214 *(State of New York v Cortelle Corp.*, 38 NY2d 83, *supra)*.

Accordingly, plaintiff's third cause of action alleging civil rights claims pursuant to sections 1983 and 1985 of title 42 of the United States Code is dismissed as time barred and the order is otherwise affirmed.

DILLON, P. J., CARDAMONE, SIMONS and DOERR, JJ., concur.

Order unanimously modified, on the law, and as modified affirmed, without costs, in accordance with opinion by MOULE, J.