OPINION OF THE COURT
Edward J. Greenfield, J.
This case raises a question of first impression in this State — is an action brought for a traditional tort which it is claimed resulted in a deprivation of constitutional rights under the elastic concepts of section 1983 of title 42 of the United States Code a new substantive cause of action for which there is no previously prescribed State Statute of Limitations, or is it a new procedural remedy as to which *570 the applicable Statute of Limitations for the traditional tort applies?
Plaintiff Thomas Pitt, alleges that in the early morning hours on June 2, 1979, he was in a tavern in this county when defendant James Mugan, together with five other New York police officers, burst through the tavern’s entrance yelling that everyone was under arrest. Immediately thereafter and without provocation, it is alleged, Mugan and one or more of the other officers knocked plaintiff to the floor and repeatedly beat him with riot sticks. Additionally, it is asserted that Mugan smashed the butt end of his service revolver into plaintiff’s head. The defendants then exited without arresting plaintiff, who was taken to the Columbia Presbyterian Hospital emergency room for initial treatment including suturing of his scalp.
Defendant James Mugan moves pursuant to CPLR 3211 (subd [a], par 5) to dismiss the complaint as barred by the Statute of Limitations. Defendant New York City’s cross motion to amend its answer is permitted to be withdrawn.
While plaintiff initially alleged that defendant, Mugan, was a police officer, apodictic proof submitted by Mugan shows that he was, in fact, permanently retired from the New York City Police department two years before the alleged attack. Nevertheless, it is alleged that he acted in concert with police officers on duty who raided the tavern.
Plaintiff commenced this action for the deprivation of his civil rights pursuant to section 1983 of title 42 of the United States Code on August 4,1980 — one year and two months from the date of its accrual. State courts have concurrent jurisdiction over section 1983 claims (Carothers v Follette, 314 F Supp 1014; Cooper v Morin, 49 NY2d 69; Clark v Bond, Stores, 41 AD2d 620).
Initially, inquiry is appropriate into whether plaintiff has a cognizable claim under section 1983 which reads as follows:
“§ 1983. Civil action for deprivation of rights
“Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory * * * subjects, or causes to be subjected, any citizen of *571 the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.”
For the purpose of this motion, the pleadings, liberally construed, are deemed proven. Therefore, all that need be alleged is that some person has deprived plaintiff of a right secured by the Constitution or laws of the United States (Johnson v Glick, 481 F2d 1028, cert den 414 US 1033; Duverney v State of New York, 96 Misc 2d 898; Nieves v New York City Tr. Auth., 91 Misc 2d 214) and that such person in so doing acted under color of State law. (Gomez v Toledo, 446 US 635; Singleton v City of New York, 632 F2d 185, cert den 450 US 920.)
Assuming plaintiff’s allegations to be true, Mugan, as a private citizen acting in concert with city police officers, acted under color of State law. (United States v Price, 383 US 787; Fine v City of New York, 529 F2d 70.) This is so whether the officers acted in accordance with their authority or misused it. (Monroe v Pape, 365 US 167, 172.)
While not every application of force, even if in retrospect unnecessary, is violative of civil rights, an unprovoked and unjustified attack by police officers and those acting with them as alleged by plaintiff may transform a private grievance into a constitutional deprivation. (Johnson v Glick, 481 F2d 1028, supra; Taylor v Mayone, 626 F2d 247; Bellows v Dainack, 555 F2d 1105; cf. Turpin v Mailet, 619 F2d 196; Brudney v Ematrudo, 414 F Supp 1187 [where defendant police officer’s accidental grazing of plaintiff’s head did not state claim for excessive physical force].)
The viability of plaintiff’s action thus turns upon the question of its timeliness. This court, in being presented for the first time with the issue of what Statute of Limitations applies to a section 1983 (US Code, tit 42, § 1983) suit against a private citizen for his use of excessive physical force, holds this action against defendant Mugan barred by the one-year period prescribed by CPLR 215 (subd 3).
No Federal statute fixes the period for bringing suit under section 1983. Rather, Federal courts apply the forum State Statute of Limitations most analogous to the plain *572 tiff’s constitutional claims. (US Code, tit 42, § 1988; Board of Regents v Tomanio, 446 US 478; Johnson v Railway Express Agency, 421 US 454.)
It is abundantly clear that plaintiff’s cause of action sounds in assault and battery. By the operation of CPLR 215 (subd 3), an individual aggrieved by an assault and battery has one year to commence suit. The Legislature deems one year appropriate, as the perpetration of the tort is known to the person injured (Second Prelim Rep of Adv Comm, NY Legis Doc, 1958, No. 13, pp 72-73; 1 Weinstein-Korn-Miller, NY Civ Prac, par 215.02).
Plaintiff contends, however, that his section 1983 action for excessive force is a “liability * * * created or imposed by statute” within the meaning of CPLR 214 (subd 2), and therefore its three-year period applies. In the alternative, plaintiff argues that his section 1983 claim is an action for which no limitation is specifically prescribed by law and, accordingly, the six-year period set forth in CPLR 213 (subd 1) would apply. Each of these claims are considered seriatim.
CPLR 214 (subd 2) is a consolidation of former Civil Practice Act provisions (Civ Prac Act, § 48, subd 2; § 49, subd 3; §50, subd 2). Subdivision 2 of section 48 of the Civil Practice Act provided for a six-year period of limitations for a “liability created by statute”. (Second Prelim Report of Adv Comm, NY Legis Doc, 1958, No. 13, pp 69-70; 1 Weinstein-Korn-Miller, NY Civ Prac, par 214.02.) Subdivision 2 of section 48 of the Civil Practice Act applied when the liability did not exist at common law, or would not have existed but for a statute. (Shepard Co. v Taylor Pub. Co., 234 NY 465; Brady v Rudin Mgt. Co., 11 NY2d 681; Rickard v Farmers’ Museum, 284 App Div 140.) As long as the statute called for damages not otherwise obtainable — the incorporation by reference of other laws or standards of conduct against which liability was determined did not preclude application of subdivision 2 of section 48 of the Civil Practice Act. (Sicolo v Prudential Sav. Bank of Brooklyn, 5 NY2d 254; but see Bevelander v Town of Islip, 10 AD2d 170.)
In these respects, the law is not different today under CPLR 214 (subd 2), except that a period of three years, not *573 six, attaches (see, e.g., State of New York v Cortelle Corp., 38 NY2d 83; State of New York v City of Binghamton, 72 AD2d 870; Klimczak v Connrex Corp., 49 AD2d 1031; Bader v Fleschner, 463 F Supp 976.) “Statutory provisions which provide only additional remedies or standing do not create or impose new obligations.” (State of New York v Cortelle Corp., 38 NY2d 83, 85, supra.)
But whether section 1983 of title 42 of the United States Code creates or imposes a new obligation or merely affords a supplemental (albeit independent) remedy depends on the nature of the particular constitutional claim. That claims under section 1983 are not intended to be accorded unitary treatment is manifest from the statute’s broad sweep in addressing a multiplicity of sins bound together by constitutional glue.
Section 1983 has become a vehicle for redressing rapidly expanding classes of constitutional wrongs for which remedy traditionally could not be had. For example, an action for damages may arise from the threatened eviction from publicly subsidized housing as a consequence of an individual’s activities in a tenant association (Davis v Village Park II Realty Co., 578 F2d 461) or from the stigma attaching to one not afforded a proper hearing in the context of an employment dismissal. (Quinn v Syracuse Model Neighborhood Corp., 613 F2d 438.) These suits are fairly within the contemplation of CPLR 214 (subd 2).
There are, however, grievances for which section 1983 was intended to provide a remedy not new but supplemental. Section 1983 is derived from the Civil Rights Act of 1871 (commonly known as the Ku Klux Clan Act) and “[i]t is abundantly clear that one reason the legislation was passed was to afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges, and immunities guaranteed by the Fourteenth Amendment might be denied by the state agencies.” (Monroe v Pape, 365 US 167, 180, supra.) In this regard, the statute is designed to provide relief where the State law is inadequate in theory or in practice. (365 US 167, 173-174; State of New York v Cortelle Corp., 38 NY2d 83, 85, supra.)
*574 Notwithstanding some dissimilarities in proofs, defenses and damages, plaintiff’s claim, whether under the rubric of civil rights or common-law assault and battery, still centers on a single claim that he was unlawfully beaten. To label the assault a section 1983 claim creates no new liability or obligation.
“Certainly the constitutional protection is nowhere nearly so extensive as that afforded by the common law tort action for battery, which makes actionable any intentional and unpermitted contact with the plaintiff’s person or anything attached to it and practically identified with it ***; still less is it as extensive as that afforded by the common law action for assault, redressing ‘Any act of such a nature as to excite an apprehension of battery’”. (Johnson v Glick, 481 F2d 1028, 1033, supra [Friendly, J.J; accord Hernandez v Lattimore, 612 F2d 61, 65.) While the reach of Federal remedy is necessarily limited to the implication of State action, the arm of State law stretches out against private citizens and public officials, alike. The badge of authority offers no cloak of immunity for an act of assault and battery. (Jones v State of New York, 33 NY2d 275; Baynes v City of New York, 23 AD2d 756.)
Respondeat superior has no application under section 1983; there is no liability absent the “personal” involvement of an individual (McKinnon v Patterson, 568 F2d 930) or a municipality (Monell v New York City Dept. of Social Servs., 436 US 658, 690-691, 694; Turpin v Mailet, 619 F2d 196, supra). However, under New York law, traditional concepts of respondeat superior apply and liability obtains even where the injury is solely attributable to a police officer’s willful and malicious act of assault and battery. (Jones v State of New York, 33 NY2d 275, supra.)
In assessing the nature of this action, a principal question is whether plaintiff’s recovery for harms wrongfully dealt is greater under one theory or the other. In view of the complex of remedies available, a plaintiff has a full panoply of avenues of redress by suing in copmon law. Thus, awards for pain and suffering (Holler v State of New York, 22 Misc 2d 227, affd 13 AD2d 616), humiliation and mental distress (Budgar v State of New York, 98 Misc 2d 588) or punitive damages (Laskowski v County of Nassau, *575 57 AD2d 888) are among the remedies to be had. Further, the fact of a public officer applying unlawful force against a private citizen is accorded weight in determining whether to grant general damages (see Frady v State of New York, 19 AD2d 783) and/or punitive damages (see Leombruno v Julian, 37 NYS2d 618, revd on other grounds 264 App Div 981).
The common law of torts is the starting point for awarding damages under section 1983, manifesting that the interest protected by a particular common-law right may well track the interests protected by its constitutional analog (Carey v Piphus, 435 US 247, 258). While compensation is the guiding purpose of the statute, deterrence is also an important goal. (435 US 247, 256-257.) Thus, traditional remedies are sought for satisfactory compensatory relief — the granting of which is the preferred mode for deterring unlawful State action.
Whether a constitutional guarantee has intrinsic value such that its wrongful deprivation forms an independent basis for damages was addressed by the Carey court, which held that deprivation of an individual’s right to procedural due process could not support more than mere nominal damages in the absence of actual injury. Carey (supra), however, may not have shut the door completely where compensation might otherwise be inadequate to redress or deter the deprivation of a particular constitutional right. (Carey v Piphus, supra, pp 266-267, apparently reflecting a like concern expressed in the concurring opinion by Mr. Justice Harlan in Monroe v Pape, 365 US 167, 196, n 5, supra.) Nevertheless, in light of the strong compensatory tenor of the opinion, “per se” damages where actual injury was incurred is beyond the contemplation of the statute. (See Morrow v Igleburger, 584 F2d 767; Reyes v Edmunds, 472 F Supp 1218.) Whether or not the deprivation of a civil right could in and of itself give rise to substantial damages is immaterial to the present case, as plaintiff Thomas Pitt’s complaint is firmly wedded to actual injury.
In light of the stated functions of section 1983, the scheme of liability and damages available in assault and battery adequately parallels the remedies under that statute.
*576 One final consideration concerning damages. Attorney’s fees often fundamentally impact on the ultimate compensation to a plaintiff. Legal expenses are generally not a proper element of damages in New York, and this applies to assault and battery recoveries as well. (Stout v City of Syracuse, 2 AD2d 801.) In Federal civil rights actions, the court may award attorney’s fees as a consequence of the enactment of the Civil Rights Attorney’s Fees Awards Act of 1976, as incorporated into the present section 1988 of title 42 of the United States Code. Fees are not, however, routinely granted. The court, in exercising its discretion, shall consider whether the winning plaintiff would have been deterred from seeking to enforce his civil rights but for the assurance of shifting fees and whether a public interest of broad significance is being represented. (Zarcone v Perry, 581 F2d 1039.) Thus, in an action such as the one presently before this court, where plaintiff is suing solely in his own interest for money damages, and as the prospects were sufficiently bright to attract competent counsel on a contingent fee basis, a proper case for awarding attorneys’ fees is not spelled out. (581 F2d 1039; see, also, Cooper v Morin, 49 NY2d 69, 83, supra.)
This court thus concludes that the section 1983 claim for excessive force is not a liability created or imposed by statute and that the three-year period of limitation authorized by CPLR 214 (subd 2) does not attach.
This view is supported by the United States Supreme Court which recently stated in Chapman v Houston Welfare Rights Organization (441 US 600, 617-618) .that “it remains true that one cannot go into court and claim a ‘violation of § 1983’ — for § 1983 by itself does not protect anyone against anything. As Senator Edmunds recognized in the 1871 debate [on the Ku Klux Klan Act]: ‘All civil suits, as every lawyer understands, which this act authorizes, are not based upon it; they are based upon the right of the citizen. The act only gives a remedy.’ ”
To the extent that the United States Court of Appeals for the Second Circuit has held that the three-year limitation period imposed by CPLR 214 (subd 2) for actions to recover upon a liability imposed by statute governs section 1983 *577 suits brought against individuals* (Singleton v City of New York, 632 F2d 185, 189, supra; Quinn v Syracuse Model Neighborhood Corp., 613 F2d 438, 449, supra; Meyer v Frank, 550 F2d 726, 728, cert den 434 US 830; Kaiser v Cahn, 510 F2d 282, 284) this court declines to follow suit.
Where no State court has ruled upon a particular issue involving State law, a Federal court has free reign to determine what it believes the State court would do under similar circumstances. When the State court is first presented with that issue while it will give due deference to the Federal court’s opinions, the State court is not bound under the doctrine of stare decisis by the opinions of the Federal courts.
Moreover, in applying the Statute of Limitations, the court looks for the reality and the essence of the action; not just the form in which it is pleaded (State of New York v Cortelle Corp., 38 NY2d 83, supra; Sumner v Century Nat. Bank & Trust Co., 92 Misc 2d 726, 730).
Where money damages is the sole object of the personal injury suit, the court hesitates to invoke the longer period of limitations simply by virtue of the fact that additional theories of liability are appended (Brick v Cohn-Hall-Marx Co., 276 NY 259; Morrison v National Broadcasting Co., 19 NY2d 453; Dubourcq v Brouwer, 124 NYS2d 61, affd 282 App Div 861).
Plaintiff’s second contention is that the six-year period provided by CPLR 213 (subd 1) applies since his section 1983 claim is an action for which no limitation is specifically prescribed by law. However, this is manifestly inappropriate as CPLR 213 (subd 1) contemplates actions in equity. (Siegel, New York Practice, §36; 1 Weinstein-Korn-Miller, NY Civ Prac, par 213.01.) Here plaintiff is seeking his traditional remedy at law in damages. (Singleton v City of New York, 632 F2d 185, supra.)
This court is lastly concerned that the application of the one-year time bar not be inconsistent with the policies of compensation and deterrence underlying section 1983. *578 This is the mandate of section 1988 of title 42 of the United States Code in directing the Federal courts to apply the most analogous State Statute of Limitations so long as it is not inconsistent with the Constitution or laws of the United States (Board of Regents v Tomanio, 446 US 478, 484, supra; Johnson v Railway Express Agency, 421 US 454, 462, supra).
Tomanio (supra, p 488, quoting Robertson v Wegmann, 436 US 584, 593), which sustained the applicability of New York’s tolling provisions as opposed to Federal tolling rules upon a section 1983 suit while an analogous State claim is prosecuted in the State court system, makes clear that State Statute of Limitations “‘cannot be considered “inconsistent” with federal law merely because the statute causes the plaintiff to lose the litigation. If success of the § 1983 action were the only benchmark, there would be no reason at all to look to state law, for the appropriate rule would then always be the one favoring the plaintiff, and its source would be essentially irrelevant.’”
As described earlier, attaching different Statutes of Limitations to the various constitutional claims is consonant with the purposes of section 1983. Clearly, the one-year time bar is not so short as to be an unacceptable impediment to this Federal claim. (See Johnson v Railway Express Agency, 421 US 454, supra, where the court upheld Tennessee’s one-year Statute of Limitations [Tenn Code Ann, former § 28-304] for all actions brought under the Federal civil rights statute).
To hold otherwise would accord to nondiligent litigants and their attorneys a fresh opportunity, once the front door was closed, to don new vestments and attempt entry anew through the back door. While the Civil Rights Law seeks to extend a wronged citizen’s armamentarium, it does not deprive his fellow citizen of a right of repose granted by a State Statute of Limitations. It gives the citizen new weapons, but does not give him the right to renew hostilities after the armistice has been declared.
In view of the foregoing, the application of the one-year period prescribed by CPLR 215 (subd 3) is not inconsistent with the Constitution and laws of the United States.
*579 Accordingly, this action, commenced against defendant Mugan more than one year after it accrued, is untimely and the action is dismissed.

 But see Singleton v City of New York (supra, p 190, n 3) where the Second Circuit noted that the Chapman decision may require it to reconsider its application of the three-year Statute of Limitations.