JULES M. FIELDS, Respondent, v BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK et al., Appellants, and "JANE DOE" et al., Defendants. (Appeal No. 15635.)

THOMAS PITT, Appellant, v CITY OF NEW YORK et al., Respondents. (Appeal No. 15636.)

First Department, June 16, 1983

### APPEARANCES OF COUNSEL

*Edward F. X. Hart* of counsel (*Ronald E. Sternberg* with him on the brief; *Frederick A.O. Schwarz, Jr., Corporation Counsel,* attorney), for appellants in Appeal No. 15635.

*Cheryl R. Eisberg* of counsel (*Pamela Anagnos Liapakis* with her on the brief; *Lipsig, Sullivan & Liapakis, P.C.,* attorneys), for respondent in Appeal No. 15635.

*David M. Goldberg* of counsel (*Robert H. Silk* with him on the brief; *Silk & Bunks, P. C.,* attorneys), for appellant in Appeal No. 15636.

*John J. Kearns* for James Mugan, respondent in Appeal No. 15636.

ALEXANDER, J.

Inasmuch as these factually dissimilar appeals present a common issue of law as to the appropriate Statute of Limitations to be applied in a State action brought under section 1983 of title 42 of the United States Code, we decide them together and hold that the appropriate Statute of Limitations is found in CPLR 214 (subd 2).

Jules M. Fields was employed as an assistant professor at Bronx Community College from September, 1970 until his retirement in May, 1976, at age 65. In this action, commenced on March 4, 1977, Fields alleges that beginning in 1973, he was harassed, emotionally intimidated, discriminated and conspired against by his superiors at Bronx Community College and was improperly denied a promotion. He charges that these acts were carried out under the guise of internal administrative procedures at the college and therefore that he was denied equal protection and due process of law under "color of State law". He was initially denied promotion in May, 1975, and that denial was ultimately confirmed in November, 1975, after administrative grievance procedures had been exhausted.

Defendants initially served a verified answer in September of 1977 that contained no affirmative defenses. In May of 1981, they moved to amend their answer to assert a defense of Statute of Limitations and to dismiss the complaint on the ground that it was time barred pursuant to section 50-i of the General Municipal Law.

Special Term, relying on *Taylor v Mayone* (626 F2d 247), denied that branch of the motion based on the 15-month period of limitations contained in section 50-i of the General Municipal Law. Dismissal was granted as to the second and fifth causes of action but denied as to the first and third, which set forth claims for damages resulting from the alleged deprivation of plaintiff's civil rights through harassment, emotional intimidation and denial of a right to promotion, as well as the conspiracy to discriminate and achieve these results. Special Term also left standing plaintiff's fourth cause of action which seeks to recover punitive damages, finding that it was but incidental to the other claims. Defendants appeal that order.

Thomas Pitt alleges that he was set upon by the defendant James Mugan and approximately five other police officers in the early morning hours of June 2, 1979, in a tavern in Washington Heights in Manhattan. He charges that these officers kicked in the locked tavern door, yelled that "everyone was under arrest" and proceeded to knock him to the floor, repeatedly beating him with their riot sticks. Mugan is charged with having smashed the butt end of his revolver into Pitt's head. When another patron in the tavern threatened to report what he had witnessed if the officers carried out their threat to lock up Pitt, the officers left without making any arrest and Pitt was left bleeding from an open wound in his head.

Pitt commenced this action in August of 1980, a year and two months after the accident, charging the police officers and Mugan, whom he believed to be a police officer, with having conspired to violate his civil rights under "color of law" in that they attacked, assaulted and battered him and caused him to be attacked, assaulted and battered, all in violation of his civil rights.

Mugan, who is actually a retired police officer, moved for summary judgment in November of 1980, contending that Pitt's cause of action against him was barred by the one-year Statute of Limitations under CPLR 215 (subd 3), which applies to causes of action for assault and battery. Holding that "plaintiff's causes of action sound in assault and battery", and thus that the one-year Statute of Limitations of CPLR 215 (subd 3) was "the State's statute of limitation most analogous to the plaintiff's constitutional claim", Special Term granted the motion to dismiss the complaint, and the plaintiff has appealed.

We affirm the denial of the motion to dismiss Field's complaint and reverse the dismissal of Pitt's complaint.

Congress has not provided a Federal Statute of Limitations for actions brought under section 1983 of title 42 of the United States Code, and Federal courts are therefore enjoined in such actions to "apply the most appropriate state statute of limitations." (*Pauk v Board of Trustees of City Univ. of N.Y.*, 654 F2d 856, 861, citing *Board of Regents v Tomanio*, 446 US 478; *Johnson v Railway Express Agency*, 421 US 454.)

The Court of Appeals for the Second Circuit has consistently held that the appropriate Statute of Limitations for section 1983 actions brought in the Federal courts in New York, is CPLR 214 (subd 2), which specifies a three-year limitations period for actions to recover upon a liability created or imposed by statute. (See, e.g., *Pauk v Board of Trustees of City Univ. of N. Y., supra; Singleton v City of New York,* 632 F2d 185, cert den 450 US 920; *Quinn v Syracuse Model Neighborhood Corp.,* 613 F2d 438; *Meyer v Frank,* 550 F2d 726, cert den 434 US 830.)

In *Pauk (supra),* the Second Circuit considered and rejected the applicability of section 50-i of the General Municipal Law in a circumstance strikingly similar to that presented by Fields. There the claim was that the First Amendment rights of the plaintiff were infringed by the defendants' denial of tenure to him, because of his union activities. Observing that there was an "inexact fit of any of New York's statutes of limitations to § 1983 actions", the *Pauk* court (pp 861-862) noted the fact that the application of the 1-year and 90-day period of limitations under section 50-i of the General Municipal Law had been specifically rejected in *Taylor v Mayone* (626 F2d 247, *supra*), and in *Quinn v Syracuse Model Neighborhood Corp. (supra).* The court observed further, that while those cases involved a choice between the application of section 50-i and CPLR 214 (subd 2), the rejection of the shorter limitation period "seems to have been tacitly influenced by concern that a relatively short limitations period would not be consistent with the broad remedial purposes of § 1983" *(Pauk v Board of Trustees of City Univ. of N. Y., supra,* at p 862).

Commenting further on the imperfect fit of a New York Statute of Limitations to a section 1983 cause of action, the *Pauk* court observed *(supra,* p 862) that section 50-i of the General Municipal Law applies to personal injury suits and suits to recover for damage to real or personal property caused by the negligence or wrongful acts of a city or its employees and that those "terms fit precisely actions seeking redress for injuries of the sort that result from common law torts. A § 1983 suit, remedying what is sometimes called a constitutional tort, affords redress for 'a deprivation * * * significantly different from and more serious

than * * * a state tort.' *Monroe v. Pape,* 365 U.S. 167 * * * (1961) (Harlan, J., concurring)."

The *Pauk* court (654 F2d, at p 862) deemed the brevity of the period prescribed by section 50-i of the General Municipal Law to be incompatible with the purposes of section 1983 of title 42 of the United States Code. "A federal court, searching for an analogous state limitations period for a § 1983 suit, should not select any period shorter than the two years Congress has specified as a time within which notice must be given of claims against the United States for unlawful actions by federal law enforcement officers * * * That expression of federal policy should establish a floor for the limitations period of § 1983 suits, so many of which concern similar conduct by state law enforcement officers." (See, e.g., *Regan v Sullivan,* 557 F2d 300; *Bivens v Six Unknown Fed. Narcotics Agents,* 403 US 388.)

The dissent would follow the reasoning of Special Term in *Pitt v City of New York* (111 Misc 2d 569) and characterize Fields' claim as in the "nature of personal injuries," as Special Term in Pitt similarly equated Pitt's claim to a common-law action for assault and battery.

Whether or not such characterization and equation could withstand critical analysis, it is manifest, that "[w]hile some § 1983 claims have counterparts in actions at common law, the constitutional tort remedied by § 1983 is 'significantly different from' state torts * * * A § 1983 claim founded on the Constitution, even if not within the category of claims to which § 214(2) precisely applies as a matter of state law, is sufficiently analogous to such claims to make the limitations period of § 214(2) appropriate as a matter of federal law." (654 F2d, at p 866.)

And while it is true that section 1983 does not "create" a cause of action in the sense that it makes someone's conduct unlawful where that conduct was not previously so, it is equally true that it is not merely a statute that provides only an additional remedy for well-established liabilities. Indeed, it is clear that in the absence of section 1983 of title 42 of the United States Code, redress of transgressions against constitutional commands could only be obtained on the basis of an implied cause of action grounded directly on the Constitution. (See *Bivens v Six Unknown Fed. Narcot-*

ics Agents, supra; *Turpin v Mailet,* 579 F2d 152, vacated and remanded for reconsideration *sub nom. City of West Haven v Turpin,* 439 US 974; *Paton v La Prade,* 524 F2d 862.) Although the Constitution "creates" the substantive right assertible in a section 1983 action, in most all instances, it is section 1983 that *imposes* civil liability and provides a cause of action.

As observed by Special Term in *Pitt (supra),* a State court is not bound under the doctrine of *stare decisis* by the opinions of the Federal courts. However, we perceive no logical or otherwise compelling reason to reject the analysis and conclusion of the Second Circuit regarding the appropriate New York Statute of Limitations to be applied, to an action under section 1983 of title 42 of the United States Code. Indeed, the interest of uniformity warrants applying CPLR 214 (subd 2) as the appropriate Statute of Limitations to all suits brought under section 1983 of title 42 of the United States Code, whether in our State court or the Federal court.

Given the broad remedial purposes served by section 1983 and the constitutionally guaranteed rights to be redressed thereunder and thereby, we find no persuasive basis for or compelling State interest in creating different periods of limitations in actions brought under section 1983, dependent merely upon whether the action is commenced in the Federal court or in the State court.

We are mindful of the recent decision by the Appellate Division, Fourth Department, rendered in 1981, in the case of *Staffen v City of Rochester* (80 AD2d 16). That decision however, appears to be predicated upon an interpretation of the decision of the United States Supreme Court in *Chapman v Houston Welfare Rights Organization* (441 US 600), holding that "Sections 1983 and 1985 of title 42 of United States Code do not provide a substantive right, but only furnish a remedy for the enforcement of Federal constitutional rights" (*Staffen v City of Rochester, supra,* at p 18). The *Staffen* court concluded (p 18) that since CPLR 214(2) "does not apply to statutes that regulate a substantive right or the procedure for its enforcement because such statutes do not create or impose a liability, penalty or forfeiture (*State of New York v Cortelle Corp.,* 38 NY2d 83,

89)", the appropriate statute to be applied in that action, involving a suit against a municipality based upon the tortious conduct of its police officers, was section 50-i of the General Municipal Law.

We note that both the *Staffen* and *Cortelle* decisions were considered by the Circuit court in reaching its determination that CPLR 214 (subd 2) was the appropriate Statute of Limitations to be applied to Pauk's section 1983 claim. The court discussed, but did not adopt, the possibility of applying CPLR 214 (subd 2) to section 1983 claims on the rationale that the United States Constitution should be deemed a statute for purposes of CPLR 214 (subd 2) (*Pauk v Board of Trustees of City Univ. of N. Y.*, 654 F2d 856, 865, *supra*).

However, in his concurring opinion in *Pauk* (*supra,* p 866) Judge SOFAER suggested that not only was CPLR 214 (subd 2) "an appropriate provision to borrow for actions brought pursuant to 42 U.S.C. § 1983, but rather is squarely applicable to such suits" because it *imposes* liability. Indeed, in suggesting that the *Staffen* court incorrectly construed *Chapman* (*supra*) as holding that section 1983 is not a statute that creates liability and did not consider whether the statute could be viewed as imposing liability, Judge SOFAER pointed out (654 F2d, at p 867) that *Chapman* recognized that "[S]ection 1983 'served to ensure that an individual had a cause of action for violations of the Constitution, which in the Fourteenth Amendment embodied and extended to all individuals as against state action, the substantive protections afforded by § 1 of the 1866 Act' * * * In other words, although the Constitution creates the substantive right asserted in a section 1983 action * * * it is section 1983 that imposes civil liability and provides a cause of action in federal court."

It is clear then that the Second Circuit Court of Appeals has in the light of *Chapman* (*supra*) thoroughly reconsidered its view enunciated in *Taylor v Mayone* (626 F2d 247, *supra*), *Singleton v City of New York* (632 F2d 185, *supra*), etc., that CPLR 214 (subd 2), is the appropriate State Statute of Limitations to be applied to an action brought pursuant to section 1983 of title 42 of the United States

Code as a matter of Federal law and has reaffirmed that view.

Accordingly, the order of Special Term in Fields denying the motion to dismiss plaintiffs' first, third and fourth causes of action as time barred should be affirmed and the order of Special Term in Pitt, granting judgment dismissing the complaint against the defendant Mugan should be reversed and the complaint reinstated.

Order of the Supreme Court, New York County (XAVIER C. RICCOBONO, J.), entered on October 30, 1981, denying in part and granting in part, the motion by defendants the Board of Higher Education, *et al.,* to dismiss the complaint herein, is affirmed without costs.

Order and judgment (one page) of the Supreme Court, New York County (EDWARD J. GREENFIELD, J.), entered on January 12, 1982, granting motion of defendant James Mugan to dismiss the complaint herein and awarding judgment, should be reversed, on the law, without costs, the motion denied and the judgment vacated and the complaint reinstated.

MURPHY, P. J. (dissenting). The plaintiff had been an assistant professor at Bronx Community College. He retired in May of 1976 at the age of 65. The plaintiff had initially been denied promotion in May of 1975. After he had exhausted the grievance machinery, the denial of promotion was confirmed on November 18, 1975.

Upon this appeal, the plaintiff's essential claims are found in the first and third causes. He alleges that defendants conspired and deprived him of his civil rights under section 1983 of title 42 of the United States Code. The defendants, *inter alia,* are charged with harassing, intimidating and depriving him of his rightful promotion.

This action was commenced on March 4, 1977. Under the authority of *Taylor v Mayone* (626 F2d 247), Special Term applied the three-year Statute of Limitations found in CPLR 214 (subd 2). It thus found the first and third causes to be timely. It also permitted the fourth cause, seeking punitive damages, to stand as an incident to the damages sought in the first and third causes. The second and fifth causes were dismissed; their dismissal is not the subject of this appeal.

For the reasons stated by Justice GREENFIELD in his opinion in *Pitt v City of New York* (111 Misc 2d 569, 576-577), this court need not and should not follow the Second Circuit in applying the three-year statute of CPLR 214 (subd 2). The Federal courts are required to apply the forum State's Statute of Limitations most analogous to the plaintiff's claims (*supra,* at pp 571-572). In this proceeding, the alleged harassment, emotional intimidation and wrongful denial of promotion may be characterized as in the nature of personal injuries. Hence, the first and third causes are governed by the 1-year and 90-day statute of section 50-i of the General Municipal Law.

Therefore, the first and third causes should be dismissed as untimely under section 50-i. The fourth cause for punitive damages necessarily falls with the dismissal of the first and third causes. Accordingly, the order of the Supreme Court, New York County (RICCOBONO, J.), entered October 30, 1981, should be modified, on the law, by dismissing the first, third and fourth causes, and as modified, it should be affirmed.

ASCH and MILONAS, JJ., concur with ALEXANDER, J.; MURPHY, P. J., and ROSS, J., dissent in an opinion by MURPHY, P. J.

In Appeal No. 15635, order, Supreme Court, New York County, entered on October 30, 1981, affirmed, without costs and without disbursements.

ROSS and MILONAS concur with ALEXANDER, J.; MURPHY, P. J., and BLOOM, J., dissent and would affirm for the reasons stated by GREENFIELD, J.

In Appeal No. 15636, order, Supreme Court, New York County, entered on January 12, 1982, reversed, on the law, without costs and without disbursements, the motion to dismiss the complaint as against defendant James Mugan denied and the judgment vacated and the complaint reinstated.