OPINION OF THE COURT
John D. Doyle, J.
Defendants Village of Albion (Albion), Albion Police Department (Police), Walter J. Schutt (Schutt) and Christopher R. Plain (Plain) have moved for summary judgment pursuant to CPLR 3212 contending plaintiff’s suit is time barred. Defendants County of Orleans (Orleans), Orleans County Sheriff’s Department. (Orleans Sheriff), Robert Dokes (Dokes), William Stokes (Stokes) and David Green (Green) also have moved for summary judgment upon the grounds that plaintiff’s suit is in all respects time barred.
Plaintiff’s suit arises out of an arrest for and a charge of disorderly conduct, resisting arrest, and obstruction of governmental administration. Ultimately, plaintiff pleaded guilty to a violation of disorderly conduct. Plaintiff’s first cause of action is for the intentional torts of assault and battery. Plaintiff admits service was untimely pursuant to CPLR 215. This court, therefore, dismisses plaintiff’s first cause of action. Plaintiff bases his second and third causes of action upon the negligent hiring of the individual officers and respondeat superior for the intentional torts of those officers. Plaintiff claims he met the one-year and 90-day Statute of Limitations by complying with CPLR 203 which gave him a 60-day extension to serve process. Plaintiff bases his fourth and fifth causes of action upon the violation of his constitutional rights, more specifically, 42 USC § 1983 and Penal Law § 35.30. Plaintiff contends that he has a three-year Statute of Limitations under CPLR 214 (2) relying on Fields v Board of Higher Educ. (94 AD2d 202 [1st Dept 1983]). This court dismisses plaintiff’s second and third causes of action as they are time barred; finds plaintiff’s fourth and fifth causes of action timely served; and grants partial summary judgment in defendants’ favor.
Plaintiff contends that according to CPLR 203 (b) (5) (i), service on the Erie County Sheriff on July 20,1984 gave him 60 *588 additional days in which to serve the named defendants. The rule states, however, that the 60-day extension applies only when the “summons is delivered to the sheriff of that county outside the city of New York * * * in which the defendant resides, is employed or is doing business”. (CPLR 203 [b] [5].) Plaintiff served the Erie County Sheriff. The defendants reside or are employed in the County of Orleans. Further, defendants contend that in addition to serving process in the wrong county, plaintiff served the wrong person. In an action or proceeding to which a Sheriff is a party, service shall be directed to the clerk of that county (County Law § 661.) Plaintiff would have acquired a 60-day extension had he served the Orleans County Clerk rather than the Erie County Sheriff. Plaintiff failed to meet the requirements of CPLR 203 (b) (5) and County Law § 661, therefore, plaintiff never acquired a 60-day extension to timely serve his complaint.
The appropriate Statute of Limitations governing plaintiff’s claims based on negligent hiring and respondeat superior is one year and 90 days. (CPLR 215, 9801; General Municipal Law §§ 50-e, 50-i.) The action accrued on April 24,1983, the date plaintiff was arrested. Plaintiff timely served a notice of claim upon the Village of Albion, Albion Police Department, County of Orleans, and the Orleans County Sheriff’s Department on July 20, 1983. Plaintiff’s second and third causes of action would have been timely if served by July 23, 1984. The affidavits of service for each defendant, however, show service occurred between August 6, 1984 and August 22, 1984. Plaintiff failed to timely serve the defendants pursuant to the one-year and 90-day Statute of Limitations, therefore, plaintiff’s second and third causes of action are dismissed. The appropriate Statute of Limitations governing plaintiff’s fourth and fifth causes of action, however, are not so easily discerned.
The appropriate Statute of Limitations for 42 USC § 1983 actions commenced in State courts has not been clearly decided. The Appellate Division, First Department, has adopted CPLR 214 (2), the three-year limitation. (Fields v Board of Higher Educ., supra.) The Appellate Division, Fourth Department, on the other hand, has adopted General Municipal Law § 50-i, the one-year and 90-day limitation for civil rights actions against municipalities and police officers. (Staffen v City of Rochester, 80 AD2d 16 [4th Dept 1981].) Where the Appellate Divisions of several departments conflict, lower courts are bound by the decisions of their own department (1 Carmody-Wait 2d, NY Prac § 2:63), unless the issue involves a Federal question in which *589 case the State courts are bound by Federal decisions. (1 Carmody-Wait 2d, NY Prac § 2:70.)
In Wilson v Garcia (471 US _, 105 S Ct 1938 [1985]) the United States Supreme Court sought to clarify the nature of a section 1983 claim for Statute of Limitations purposes and to enunciate a formal analysis designed to eliminate inconsistent limitations periods within each State. In Wilson v Garcia, the appeal involved the United States District Court (USDC) for the District of New Mexico’s (“USDC”) choice between a two-year Statute of Limitations in the New Mexico Tort Claims Act (NM Stats Ann § 41-4-15 [A] [1978]); a three-year period for personal injury claims (NM Stats Ann § 37-1-8); and a four-year period in New Mexico’s “catch-all” provision. (NM Stats Ann § 37-1-4; Wilson v Garcia, supra, at p_, p 1941.) The USDC chose the four-year catch-all provision characterizing a section 1983 action as one based on statute in which case New Mexico law provided no particular limitations period. (Supra, at p _, p 1941.) The Court of Appeals for the Tenth Circuit disagreed with the USDC’s characterization of section 1983 actions and found section 1983 actions were really actions for injury to personal rights therefore governed by New Mexico’s three-year personal injury Statute of Limitations. (Id., at p_, p 1941.) The United States Supreme Court affirmed the Court of Appeals decision. (Id.)
Section 1983 “provides ‘a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nation.’ ” (Wilson v Garcia, supra, at p_, p 1945, citing Mitchum v Foster, 407 US 225, 239 [1972].) The characterization of a section 1983 action is therefore a Federal question. (Supra, at p_, p 1944.) At present, State courts base their choice of limitations period on the nature of the facts underlying the section 1983 claim. (Supra, at p_, p 1945.) The Wilson court, however, finds this approach costly, uncertain and time consuming, often encouraging counsel to forcefully argue for the application of two or more periods of limitation in each case. (Supra.) The Wilson court determined that in the interest of uniformity and consistency and the minimization of litigation, States must apply only one limitations period,for all section 1983 actions. (Supra, at p_, p 1947.) As the characterization of a section 1983 action is a Federal question, Federal law governs the analysis.
Congress enacted the Civil Rights Act in 1871 to remedy the violations of constitutional rights engendered by the aftermath of the Civil War. (Supra.) The Wilson court felt the most *590 compelling analogy lay in tort because section 1983 created a cause of action where under the color of State law the plaintiff’s constitutional or statutory rights were injured. (Supra.) The fact that section 1983 is a statute is insufficient to warrant a limitations period for statutory claims because section 1983 only provides a remedy and does not itself create any substantive rights. (Supra.) Further, a period of limitations based on an action for State remedies for the wrongs committed by public officials is erroneous as it was the very ineffectiveness of these State remedies that led Congress to enact section 1983 in the first instance. (Supra.) Thus, the New Mexico Statute of Limitations for personal injuries claims applied. Unfortunately, little of the New Mexico scenario aids the courts of New York State in determining the appropriate Statute of Limitations.
Justice O’Connor identifies the dilemma New York State faces in her dissent when she illustrates the ineffectiveness of the Wilson analysis in a State which legislated two personal injury Statutes of Limitations. She premised her argument on Congress’s failure to establish a uniform limitations period for all section 1983 actions causing courts to rely on State law to provide the appropriate period based on the facts in each case. (Supra, at p_, p 1952.) This type of analysis was particularly helpful when a State’s Legislature deemed some type of personal injuries in greater need or more deserving of a longer limitations period. Colorado had two such statutes and the Tenth Circuit resolved the dilemma by selecting Colorado’s three-year residuary statute instead. (Supra, at p_, p 1953.) New York State’s statutory scheme is analogous to Colorado’s scheme.
Wilson v Garcia (supra) has narrowed the possible limitation periods successfully argued and approved of by New York State courts in the past. The Wilson court rejected the one-year and 90-day limitation for injury to person or property caused by municipalities or their employees under General Municipal Law § 50-i effectively ending the validity of Staffen v City of Rochester (supra). (See, Wilson v Garcia, supra, at p_, p 1949.) One current possibility is CPLR 214 which governs actions to recover for injury to property or person except as provided in CPLR 214-b and 215. Actions grounded in intentional torts, however, must be commenced within one year under CPLR 215. Lastly, actions not specifically enumerated in the CPLR have a limitations period of six years. Yet, despite the fact that a New York State court has adopted the three-year limitations period characterizing section 1983 as an action based on statute (Fields v Board of Higher Educ., supra), the decision no longer applies because the characterization of section 1983 is a question of Federal law. *591 (Wilson v Garcia, supra, at p_, p 1947.) This court, therefore, must choose between the one-year, three-year, and six-year period of limitations based on principles of Federal law.
If this court would adopt the rationale of the Tenth Circuit in McKay v Hammock (730 F2d 1367 [10th Cir 1984]), New York State’s six-year residuary statute would apply to section 1983 actions commenced in New York courts. This court, however, finds Pauk v Board of Trustees (654 F2d 856 [2d Cir 1981], cert denied 455 US 1000 [1982]) applicable. In Pauk, the Second Circuit of the United States Court of Appeals adopted CPLR 214 (2), three-year limitation on State law claims founded upon statute, as the most appropriate Statute of Limitations for section 1983 actions rejecting the application of General Municipal Law § 50-i. (supra, at p 861.) The selection of CPLR 214 (2) has been overruled by Wilson v Garcia because section 1983 provides only a remedy but not a right (supra, at p_, p 1949), yet the Second Circuit’s reasons for selecting a three-year limitations period are still persuasive. There the Second Circuit felt a three-year period of limitation was appropriate because a Federal court selecting a State Statute of Limitations should not select one shorter than the two-year limitation Congress established for actions against Federal law enforcement officers. (Pauk v Board of Trustees, supra, at p 862.) After Wilson v Garcia where section 1983 actions were conclusively determined to be matters of Federal law, the theory that the two-year Federal limitation establishes a minimum period is compelling. Brevity was the reason the Second Circuit rejected General Municipal Law § 50-i. The Second Circuit decided the one-year and 90-day limitation violated the established Federal floor and was inconsistent with the broad remedial purposes of section 1983 (id.); CPLR 215 should be rejected for the same reason.
“[A]n action to recover damages for assault, battery, false imprisonment, malicious prosecution, libel, slander, false words causing special damages, or a violation of the right of privacy under section fifty-one of the civil rights law” shall be commenced within one year. (CPLR 215 [3].) While these types of torts may be what Congress attempted to redress in 1871, section 1983 “encompasses a broad range of potential tort analogies, from injuries to property to infringements of individual liberty.” (Wilson v Garcia, supra, at p_, p 1948.) The statutory scheme in Wilson v Garcia (supra) involved only one personal injury statute and that statute set a three-year period of limitation. Although this court can only speculate as to what the Wilson court would decide if faced with the two New York State personal injury Statutes of Limitation, this court chooses the *592 three-year period based on the concerns expressed in Pauk (supra) and the need for uniformity and consistency as expressed in Wilson (supra). (See, Burnett v Grattan, 468 US_,_, n 18, 104 S Ct 2924, 2932 [1984] [Supreme Court tacitly agrees with result in Pauk].)
Having determined that only one personal injury Statute of Limitations applies, the need to follow McKay v Hammock (supra) and declare CPLR 214 and 215 irrelevant and apply the six-year residuary statute, is unnecessary. Defendant’s motions to dismiss the fourth and fifth causes of action based on violations of constitutional rights as time barred are denied.
In addition to plaintiff’s claims based on 42 USC § 1983, plaintiff alleges that defendants Plain, Doe, Dokes and Stokes used unnecessary force violating Penal Law § 35.30. Despite the fact that defendants’ motions for summary judgment are based on plaintiff’s alleged failure to timely serve his complaint, “the court will search the entire record to determine if either party is entitled to judgment. (CPLR 3212, subd [b]). Furthermore, the defense of failure to state a cause of action pursuant to CPLR 3211 (subd [a], par 7) may serve as the basis for summary judgment.” (Lautner v Catarelli, 112 MisC 2d 157, 158 [Sup Ct, Nassau County, Spec Term 1982]; Siegel, 1982 Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 7, CPLR C3212:20, 1970-1984 Supp Pamph.) Here, defendants Plain, Doe, Dokes and Stokes have raised CPLR 3211 (a) (7) in their answers. (CPLR 3211 [e] [grounds properly raised in answer].) That ground is applicable to plaintiff’s cause of action based on Penal Law § 35.30. Penal Law article 35 deals with the defense of justification. The various sections within article 35 merely define the circumstances under which a police officer or a peace officer is justified in using physical force. (Penal Law § 35.00.) Penal Law § 35.30, in particular, deals with the defense of justification when officers use physical force to make an arrest. Because Penal Law § 35.30 provides only a definition of the defense of justification, it gives plaintiff no right or remedy upon which to base a cause of action. This court, therefore, grants partial summary judgment in defendant’s favor as to plaintiff’s failure to state a cause of action based on Penal Law § 35.30.