**Camiel MOHAMMED, Plaintiff,**

v.

**D.H. FARNEY CONTRACTORS, et al., Defendants.**

**No. 91 Civ. 8496 (MP).**

United States District Court, S.D. New York.

April 3, 1995.

---

See also 832 F.Supp. 103.

Harris, Dickson by Richard Tanner, Upper Montclair, NJ, for plaintiff.

Curtis, Zaklukiewicz, Vasile, Devine & McElhenny by Roy W. Vasile, Merrick, NY, for defendant James Clarke.

Mark Kosicki, pro se.

### OPINION

MILTON POLLACK, Senior District Judge.

This is the commencement of the trial of a case in which the plaintiff, a carpenter working on a road construction project, was grievously injured when he was struck by a passing car while performing work on the Van Wyck Expressway under a contract between his employer, D.H. Farney Contractors, and the State of·New York in September, 1990.

The Farney crew, including the plaintiff, Camiel Mohammed, were to install safety netting and shielding beneath a bridge which crossed the Van Wyck Expressway at Queens Boulevard. To complete the job, it was necessary to close off two of the northbound traffic lanes on the Expressway. The Farney crew began to close down the left and middle northbound lanes of the Van Wyck with electric arrow boards, safety cones, barrels, and various traffic control and warning devices.

James Clarke was employed by the New York State Department of Traffic as Senior Engineering Technician with project supervision and inspection duties at the Van Wyck site. His job was to see to it that the work complied with the State's laws and regulations and conformed to · applicable safety codes.

On September 20, 1990, as Clarke walked toward the place where the Farney crew was installing the boards, cones, barrels, and traffic control and warning devices, a hit and run driver disregarded the traffic safety devices and plowed through them striking Mr. Mohammed.

■ This action was commenced against several parties, including the State of New York and engineer James Clarke. The only parties remaining before this Court are Mark

Kosicki, appearing pro se, and James Clarke who was sued both in his official capacity and his personal or individual capacity. A suit against an employee in his official capacity is one that, although designated as asserting the liability of the State's employee, in fact seeks through a judgment to compel payment of damages from the State's Treasury. *See Yorktown Medical Laboratory, Inc. v. Perales,* 948 F.2d 84, 87 (2d Cir.1991). Such a suit against the State in federal court is barred by the Eleventh Amendment to the U.S. Constitution because the State is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are the nominal defendants. *See Id.*

■ To the extent that Clarke is named as a defendant, the State is the real party in interest and the action against him in this forum is barred by the Eleventh Amendment if his acts were done in the course of his employment as such, and even if his conduct was mere deviation from the line of his duty, the State is not relieved of any responsibility it may have. If Clarke was in the course of performing the State's job, no matter how irregularly, the State is the true party in interest and is protected from federal jurisdiction of the claim against it, barring this action in this forum. This is because in such a situation, Clarke would be entitled to indemnification from the State for any liability flowing from his state employment. *See* N.Y. Public Officers Law § 17 (McKinney's 1988). Therefore, the State ultimately would pay for any judgment against Clarke, rendering the State the true party in interest. *See Lawrence v. McGuire,* 651 F.Supp. 312, 317 (S.D.N.Y.1987) ("Regardless of which capacity the defendants are sued in, the City is liable to indemnify them and thus, in both actions it is the city who is the real party in interest."); *Staffen v. City of Rochester,* 80 A.D.2d 16, 18, 437 N.Y.S.2d 821 (4th Dep't 1981) ("the [claim in this case] is a tort action against police officers to whom the municipality has a duty to indemnify under section 50–j of the General Municipal Law, which makes the municipality the real party in interest (citation omitted)."). Moreover, the rule is that if an employer is acting within the scope of his employment, he is entitled to the same immunities from federal jurisdiction as those of his employer. *See Howard v. Finnegan's Warehouse Corp.,* 33 A.D.2d 1090, 1091, 307 N.Y.S.2d 1022 (3d Dep't 1970).

■ If, on the other hand, Clarke, for purposes of his own, had departed from the line of his duty, so that for the time being his acts constituted an abandonment of his service, the State would not be liable to indemnify Clarke. Therefore a suit against Clarke individually would not be barred by the Eleventh Amendment. But, to constitute abandonment of his service, the plaintiff must show factually that at the time of the accident, Clarke was serving his own or some other purpose, wholly independent of the State's business. *See* 37 NY Jur. 39, Master & Servant §§ 161–166.

The case against Clarke has proceeded to trial, a jury has been empaneled and the plaintiff has been directed to make a detailed offer of the proof which he has available so that the Court may determine whether a case outside the Eleventh Amendment is available so that plaintiff may proceed with the trial. The pretrial proceedings did not illumine precisely what facts plaintiff would rely on to implicate Clarke in any independent capacity not associated with his official duty and functions.

The plaintiff has placed on record an offer in detail of proofs which he would contend gives him a *prima facie* case against Clarke, as an individual, as distinct from his acts which he contends were in his employed official capacity.

The offer of proof from the plaintiff plainly shows an absence of factual content sufficient to take the case against Clarke outside of the Eleventh Amendment and to reside within the jurisdiction of this Court. There is no basis in any evidence available to plaintiff to take away the State's duty to indemnify Clarke in the performance of his services for the State. Therefore, the State is the real party in interest, and this Court lacks jurisdiction over Clarke because of the Eleventh Amendment. The suit against him must be dismissed without prejudice and the plaintiff is remitted to the State Court of Claims

where the indemnity which the State holds under the certificate of insurance furnished to the contractor, naming the State as an additional insured, protects the State in respect of the accident involved up to the limits of insurance covering the work designated.

There is no factual basis shown on which to assess personal liability against Clarke for which the State would not ultimately be liable to pay out of state funds; therefore the claim against Clarke personally falls within the coverage of the Eleventh Amendment.

Additionally, there is no basis in fact which plaintiff can assert against the defendant Kosicki and the claim against him is dismissed with prejudice.

So Ordered.